### STEADMAN v. BILLINGS.
No. 5869.

Court of Civil Appeals of Texas. Amarillo.
March 29, 1948.

Rehearing Denied May 17, 1948.

Thomas & Thomas, of Big Spring, for appellant.

W. D. Hollars, of Plainview, for appellee.

LUMPKIN, Justice.

Appellee, W. M. Billings, filed and prosecuted this suit against the appellant, Altha Lee Steadman, executrix of the estate of Edna Billings, deceased. As a result of a trial before the court without the intervention of a jury, judgment was rendered against the estate in the sum of $513.95. The appellee had prayed for a sum of $793.-95. To this judgment the appellant duly excepted and perfected her appeal to this court.

A review of the record reveals that Edna Billings was the appellee's wife and that she died July 13, 1946. On December 2, 1946, the appellant, the deceased's daughter, made application to the county court of Hale County, Texas, for letters testamentary, and on the same day the appellant duly qualified as the executrix of the Edna Billings' Estate.

In his original petition the appellee alleged that at the time his wife died the community estate owed the following debts:

| | |
|---|---|
| Baker Flash-O-Gas—open account | $ 65.90 |
| Kelly Garage and Repair Shop—open account | 200.00 |
| D. C. Kimball—open account | 175.00 |
| Winn Motor Company—open account | 22.00 |
| I. S. Billings—open account | 560.00 |
| W. M. Lemmons Funeral Home | 565.00 |
| Total | $1,587.90 |

The appellee alleged that prior to the filing of this suit he presented to the executrix a claim which contained each of the foregoing bills. The appellant denied this claim. The appellee pleaded that since his wife's death he had paid these community debts with funds from his separate estate and with money he had earned since her death, and that the Edna Billings' Estate was justly due and indebted to him for one-half of the total sum, or $793.95. The

record reveals that I. S. Billings is the appellee's brother. The item of $565 in favor of the W. M. Lemmons Funeral Home was for Edna Billings' burial.

In response to the appellant's request for finding of facts and conclusions of law, the trial court among others found as follows: That all the claims made by the appellee in his petition were open account claims; that attached to his petition was an affidavit made and properly sworn to wherein appellee stated he had paid all these itemized accounts; that receipts were offered in evidence showing that appellee himself had paid all of these accounts, and that the court was satisfied with such evidence and the sufficiency of the receipts, save and except the item of $560 in favor of I. S. Billings— this item was denied by the court; that the appellee testified in open court that he had paid all of the above accounts; that he paid them because he considered them just and because he had been threatened with suit if he failed to pay them. The court also found that the appellee testified that these claims were paid with money he had earned since his wife's death and that the funds used in paying these debts was not community money. The court found that the appellant, Altha Lee Steadman, testified she did not pay any of these itemized accounts; and that this suit was not filed until the accounts duly verified had been presented to the appellant and the appellant had refused to pay the appellee the $793.-95, which he claimed was owing to him by reason of paying the community debts.

In its conclusions of law the trial court found that the evidence was insufficient to support the claim of $560 in favor of I. S. Billings. The court concluded that the evidence was sufficient to establish the validity of all the remaining claims, and that the appellee was entitled to judgment for one-half of the remainder of the itemized bills; that the itemized bills were prepared by the person or persons to whom they were due and payable; that they were duly presented to the appellee for payment and that the appellee was obligated by law to pay such claims. The court concluded as a matter of law that the appellee was entitled to judgment in the amount of $513.95.

The appellant first assails the judgment of the trial court by asserting that this cause of action was beyond the jurisdiction of a county court. Although the appellee prayed for only $793.95, and was awarded a judgment of $513.95, the appellant contends that the jurisdiction is governed not by the amount prayed for nor the amount of the judgment but by the allegations in the petition.

■ The jurisdiction of courts created by the constitution is determined by the amount in controversy. Clonts et al. v. Johnson, 116 Tex. 489, 294 S.W. 844. Neither the amount of the judgment nor the prayer of the petition determine a question of jurisdiction. That question must be determined by the averments of the petition. A county court has no jurisdiction unless the amount in controversy exceeds $200 and does not exceed $1,000. The amount in controversy is to be found in the allegations of the petition and not in the prayer for relief, and this is generally true even where the aggregate amount of the items making up the cause of action exceeds the jurisdiction of the court. Simms Oil Co. v. Hall, Tex.Civ.App., 281 S.W. 286.

■ In this case the appellant asserts that the amount in controversy is $1,587.-90, since the appellee must establish the validity of all the alleged community debts before he can recover his one-half. In support of his contention the appellant cites Maryland Casualty Co. v. Overstreet, Tex. Com.App., 61 S.W.2d 810, a case in which the plaintiff attempted to remit a portion of his claim for the purpose of bringing his action within the jurisdiction of the county court. Likewise, the appellant cites cases reiterating a well established rule of law holding that in the foreclosure of all liens, with the exception of a landlord's lien, the value of the property upon which the foreclosure is sought, if greater than the debt, will determine the jurisdiction. Walker Mercantile Co. v. J. R. Raney Co., Tex. Civ.App., 154 S.W. 317; Lawson v. Lynch, 9 Tex.Civ.App. 582, 29 S.W. 1128; 6 Texas Law Review 509. In our opinion a distinction may be drawn between the cases

cited by the appellant and the facts contained in this case. Nowhere in the appellee's petition does he aver that he is entitled to more than $793.95, the amount he loaned the community estate from his separate estate. There is no allegation that the $793.95 spent by him to pay his share of the community debts is in anyway concerned. Neither by his claim presented to the executrix nor in his petition does he claim that he is entitled to any greater sum than the $793.95 used to pay his wife's share of the community debts. The sum that he paid as his portion of the community debts is, in our opinion, not a matter of controversy between the appellant and the appellee, and this sum would not be involved no matter what judgment was entered. Our courts have held that unless it plainly appears from the allegations that a court is without jurisdiction of the amount, all intendments are in favor of the jurisdiction and the court should retain the case. Maryland Casualty Co. v. Hipp et al., Tex.Civ. App., 22 S.W.2d 147. For the reasons stated the appellant's point of error is overruled.

Next the appellant complains of the trial court's judgment on the grounds that the six items above mentioned were not properly presented to the executrix in the form provided by law.

■ Article 3514, Vernon's Revised Civil Statutes, requires that no claim for money be allowed by an administrator against his testator unless such a claim is accompanied by an affidavit stating that the claim is just and that all legal offsets, payments, and credits known to the affiant have been allowed. If the affidavit is made by any other person than the owner of the claim, it must state that the affiant is cognizant of the facts contained in the affidavit.

A careful reading of the record shows that the claim presented to the executrix sets forth under oath that the claim is for community debts paid by the appellee, that the claim is just, that all legal offsets, payments, and credits have been allowed, and that the appellee is the owner of the claim and asks that it be approved as a mature, secured claim to be paid in the due course of administration. The court found that the appellee had paid the open accounts, and the court was satisfied that the evidence was sufficient to show that payments of such accounts, except that of the item to I. S. Billings in the amount of $560. This item was denied by the court. The appellant admitted, and the court so found, that she did not pay the accounts, and there is nothing in the record to contradict the appellee's testimony or the court's finding. In our opinion the appellee's claim is in keeping with Article 3514, and therefore appellant's point of error is overruled.

In his six remaining points of error, the appellant asserts that the court erred in admitting in evidence the unverified bills of B. C. Kimball, U. E. Kelly, Winn Motor Company, W. M. Lemmons Funeral Home, and Baker Flash-O-Gas Company for reasons that these instruments were hearsay and amount to statements made not under oath.

■ The court found that the appellee, the surviving husband, paid all of the community debts out of his separate funds. According to all the evidence the community debts, other than the funeral expenses, were made by the appellee prior to his wife's death. The appellee had firsthand knowledge of each item presented to the executrix. These claims were denied by the executrix. The appellee testified all these bills were true and correct and that each of the receipts introduced was in the handwriting of the creditor. None of this testimony was contradicted. Although the admission of these bills may have been error, in our opinion, the evidence about which the appellant complains is cumulative and the other evidence presented is sufficient to support the court's finding; thus the error, if any, was immaterial, and for that reason each of these points of error is overruled.

We have carefully reviewed the record, and finding no error, the judgment of the trial court is affirmed.