## BREWER v. HEIGHT et al.
### No. 5940.

Court of Civil Appeals of Texas.  Amarillo.
Feb. 21, 1949.

Herbert C. Martin, of Littlefield, and Swain Burkett, of Dimmitt, for appellant.

Griffin & Morehead, of Plainview, for appellees.

LUMPKIN, Justice.

This appeal is from an order granting a temporary injunction enjoining the appellant, R. L. Brewer, from closing his frozen food locker plant located at Hart, Castro County, Texas. The order was granted after a hearing by the District Court of Castro County.

It appears that the appellant, R. L. Brewer, operates a frozen locker plant at Hart under the name of the Hart Food Center. The appellees, J. T. Height and four others, patrons of the Hart Food Center, filed this suit on behalf of themselves and others similarly situated, who, together with the appellees, store perishable foods in appellant's cold storage lockers. The appellees alleged that appellant was threatening to close the locker plant. They asked for a temporary restraining order; and, after a hearing, a temporary injunction; and, upon final disposition of the cause, a permanent injunction and damages in the sum of $5,000.

On September 3, 1948, the court granted the temporary restraining order, set the hearing on the temporary injunction for September 13, 1948, and fixed a bond in the amount of $1,000. On September 13, 1948, the court, after hearing three witnesses granted the temporary injunction enjoining the appellant from closing his plant and directing that he continue operating it until a final disposition of the case. Appellant thereupon gave notice of appeal which was duly perfected and the case is before us for review.

According to the appellees' original petition, the appellant on or about April 1, 1948, was holding himself out to the public generally, and particularly to appellees and other customers of the Hart Food Center similarly situated, as having cold storage facilities for the proper care, preservation, handling, and storage of meats, fruits, vegetables, and other perishables belonging to the various appellees and those for whom the appellees sue; that appellant entered into a contract with each of the appellees, as well as with the other patrons of the Hart Food Center, whereby the appellant agreed that for a one-year period he would furnish cold storage facilities to the appellees; that the appellees paid from $15 to $18.75 for this service; that each of the appellees had varying quantities of meats, fruits, vegetables, and other perishable produce stored in appellant's lockers; that the appellant had notified appellees, as well as others similarly situated, that the locker plant would close September 4, 1948, and demanded that the patrons remove their perishable foods from his plant; that it was impossible for the appellees to secure other frozen locker facilities; that if they were forced to remove their perishable food from the lockers, it would spoil and in some cases this food could not be replaced.

The testimony of three of these appellees substantially bore out these allegations, i. e., that they had perishable foods stored at appellant's lockers; that other cold storage facilities were not available; and that if the appellant closed his plant, their food would be spoiled, some of which could not be replaced. The evidence showed that about two hundred lockers were rented to approximately one hundred forty persons.

518

The purpose of a temporary injunction is to maintain the status quo regarding the matters in controversy until such time as a final hearing may be had on the issues. James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959. Our courts have held that the granting or refusing of a temporary injunction is a matter within the sound discretion of a trial court and that a trial court's action in either granting or refusing a temporary injunction will not be disturbed on appeal unless it clearly appears from the record that such discretion has been abused. Harding v. W. L. Pearson & Co. et al., Tex.Com.App., 48 S.W.2d 964; Southwestern Greyhound Lines v. Railroad Commission of Texas et al., 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235; Dallas General Drivers, Warehousemen and Helpers Local Union No. 745 et al. v. Oak Cliff Baking Co. et al., Tex.Civ.App., 203 S.W.2d 586. Moreover, our courts have held that although the discretion of a trial court is subject to review, an appellate court is not authorized to exercise its discretion as to the propriety of granting or refusing a temporary injunction. 24 Texas Jurisprudence 315. Thus, in the appeal before us, we are only concerned with the action of the trial court in granting the temporary injunction pending a full and final hearing. If the record reveals that the applicants for the temporary injunction showed a right to be protected and a threatened impairment or destruction of that right before a final hearing could be had (and these need not be established with absolute certainty), then the action of the trial court will be sustained. Rosenfield v. Seifert et al., Tex.Civ.App., 270 S.W. 220; City of Amarillo et al. v. Garwood et al., Tex.Civ. App., 63 S.W.2d 888, writ refused.

We have concluded that the appellees have brought themselves within the rules announced above; and, therefore, in our opinion, the trial court did not abuse its discretion in granting a temporary injunction pending a final and full hearing of the case on its merits.

The appellant contends the case should be reversed and the injunction dissolved because the amount involved does not exceed $500; and, therefore, the trial court does not have jurisdiction. Where the question of jurisdiction depends on the amount in controversy, the averments of the petition are controlling, unless it appears that the petition was framed to give jurisdiction where it did not properly belong. Appellees' petition alleged damages in the sum of $5,000 and such additional amount as may be determined on a hearing. Since it does not appear that such an amount was improperly pleaded, the District Court has jurisdiction to hear this cause. Dwyer v. Bassett & Bassett, 63 Tex. 274; Brown et al. v. Peters, 127 Tex. 300, 94 S.W.2d 129; Lubbock Oil Refining Co. et al. v. Bourn, Tex.Civ.App., 96 S.W.2d 569; Steadman v. Billings, Tex. Civ.App., 211 S.W.2d 336, dism.

The appellant insists that the purported contract alleged in appellees' petition is not set forth in sufficient detail so as to form a basis for the injunction issued; that there is no evidence that the appellees ever entered into a contract with appellant, either parol or written. We do not agree with appellant in this assertion. Both the allegations and the proof were sufficient for the trial court to grant a temporary injunction maintaining the status quo in regard to the matters in controversy.

The appellant contends that the cause should be reversed and the injunction dissolved because the appellees have an adequate remedy at law. In their original petition the appellees alleged they had no adequate remedy at law; that some of the meats stored in the lockers could not be replaced; that the appellees would suffer an irreparable loss and injury for which they could not be compensated; that other cold storage facilities were not readily available. According to the witnesses, unless the appellant was restrained from closing the locker plant, the irreplaceable, perishable foods would be lost. Closing the plant would be such an act as would render ineffectual any final judgment. The purpose of the injunction was to maintain the status quo until the case could be tried on its merits, and the question of whether to grant the injunction was one which lay

within the sound discretion of the trial court. Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994; Jeff Chaison Town-site Co. v. McFaddin, Wiess & Kyle Land Co., 56 Tex.Civ.App. 611, 121 S.W. 716; Texas Pipe Line Co. v. Burton Drilling Co., Tex. Civ.App., 54 S.W.2d 190; Aldridge Seed Farms, Inc. v. Texas Centennial Central Exposition, Inc., Tex.Civ.App., 95 S.W.2d 1051; Article 4642, Vernon's Annotated Civil Statutes; 1 Baylor Law Review 130.

We have carefully reviewed this case. All of the appellant's points of error are overruled; the judgment of the trial court is affirmed.