Harvey C. RAY, Appellant,

v.

CITY OF FORT WORTH et al., Appellees.

No. 15664.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 2, 1955.

Rehearing Denied Dec. 30, 1955.

H. C. Ray, Fort Worth, for appellant.

R. E. Rouer, S. G. Johndroe, Jr., Robert Goodrich, John Gano, G. Gordon Whitman, and June R. Welch, Fort Worth, for appellees.

PER CURIAM.

As plaintiffs, the City of Fort Worth and the Fort Worth Independent School District obtained a judgment against Harvey C. Ray for delinquent taxes. Defendant Ray appealed.

Reversed and remanded.

Originally, the appellees sued the appellant in Justice Court for the sum of $176.58, being the amount claimed to be owing for delinquent personal property taxes, plus penalties and interest. The period covered was from 1944 to 1952, inclusive. In the Justice Court the appellant prevailed and the appellees perfected their appeal to the County Court.

Appellees' pleadings in the Justice Court were in written form. Their written plead-ings were brought up into the County Court pursuant to the appeal. However, appellees did not choose to proceed with their case as alleged in their original pleadings, but amended them prior to presentation of any phase of the case to the judge of said court. In their amended pleadings appellees added the amount of delinquent taxes, penalties and interest claimed to be owing by the appellant for the years 1953 and 1954. Their prayer under such amended pleading was for recovery in the aggregate amount of $227.21.

Appellant did not file any written pleading prior to the time appellees amended their pleadings in the County Court. To such amended pleadings appellant filed a plea to the jurisdiction of the court, and when the case later went to trial appellant was insistent upon such plea. The trial judge overruled the plea to the jurisdiction, and then (as reflected from the face of the judgment) sustained exceptions to that part of appellees' amended petition setting up the 1953 and 1954 taxes. Afterward, purportedly upon the merits, judgment was entered in favor of the appellees and against appellant for the amount of $198.25.

Upon the hearing of the appeal to this court, the appellant orally denied that he made any exceptions, as such, to the inclusion of the 1953 and 1954 taxes in the appellees' petition. Adverting to the record, it is found that appellant filed no such exceptions in writing. The clerk's certificate states that all pleadings filed in the trial court appear in the transcript. Therefore, the presumption that appellant did make exceptions, which would otherwise be drawn from the judgment, is overcome when the whole record is examined and no written exception in this respect is found therein. See Freeman on Judgments, Fifth Ed., sec. 381. The County Court being a court of record, we are confined to the record upon the appeal. Therefore, we cannot, in the state of the record, consider that the trial which took place in the County Court was a trial upon any amount

in controversy other than $227.21. That was the amount upon which appellees' pleading declared.

■ Under these circumstances, it must be conceded that the cause of action upon which appellees obtained the County Court judgment was a new or different cause of action from that upon which they effected an appeal from the Justice Court. At least, it was a judgment recovered in a suit for more money than they could have sued for in the Justice Court, since the amount was above the jurisdictional amount of that court. Therefore, the suit prosecuted to judgment in the County Court was not the suit appealed. The only cause of action appellees were entitled to have adjudicated was that same cause of action which was formerly adjudicated in the Justice Court. Laing v. St. Louis Type Foundry Co., 1889, 3 Willson Civ.Cas.Ct.App. § 463; Maass v. Solinsky, 1887, 67 Tex. 290, 3 S.W. 289; Texas & P. R. Co. v. Hood, 1910, 59 Tex. Civ.App. 363, 125 S.W. 982; Brown v. Peters, Tex.Com.App.1936, 127 Tex. 300, 94 S.W.2d 129; Steadman v. Billings, Tex. Civ.App., Amarillo, 1948, 211 S.W.2d 336, writ dism.; 11 Tex.Jur., pp. 720, 721, secs. 14, 15, and p. 739, sec. 26.

■ However, even were we permitted to treat appellant's pleadings as though they truly contained special exceptions directed to the 1953 and 1954 taxes, we would be compelled to arrive at the identical result. In this case the appellant's plea to the jurisdiction was a dilatory plea involving no question of fact, while exceptions (in this case, at least) constitute a part of a plea in bar. The presentment of the plea to the jurisdiction should precede the presentment of exceptions. Upon the consideration of appellant's plea to the jurisdiction appellees' pleadings would be viewed as of the time of its presentment, and as though no changes had been or would subsequently be made therein through action of any person, parties or the court. This done, it is clear that as to the cause of action set up in the amended pleadings appellant's plea to the jurisdiction should have been sustained. Townes' Texas Pleading (2nd Ed.) p. 515 et seq.; 33 Tex. Jur., p. 525 et seq., secs. 94, 95 and 96; 8 Tex.Jur., Ten-Year Supplement, "Pleading", secs. 112, 113 and 114.

Judgment is reversed and the cause remanded.