**Maurice L. BOYLAN, Appellant,**

v.

**Raymond WILLIAMS, Appellee.**

**No. 17042.**

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 19, 1969.

Rehearing Denied Oct. 10, 1969.

Short & Helton, and R. M. Helton, Wichita Falls, for appellant.

Friberg & Parish, and Elmer H. Parish, Wichita Falls, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from an order granting a temporary injunction to maintain the status quo of a cause of action filed by the plaintiff, Raymond Williams, doing business as Champion Vending Company, to enforce a concession lease to operate coin machines in the Plaza Hotel pending trial on the merits.

On May 31, 1966, for a valuable consideration, Thurman Johnson, owner of the Plaza Hotel, executed an "Exclusive Concession Lease" to the appellee, Raymond Williams. The lease provided that (1) lessee shall have the right of ingress and egress to such premises for the purpose of carrying out the terms of said agreement; (2) lessee shall be entitled to an injunction to prevent the lessor or any other person from placing or operating any legal coin operated electric phonographs, etc., during the term of said lease; (3) the rights granted "shall be binding upon the heirs, successors and assigns of the said lessor;" and (4) no change or division in ownership of the land or premises shall operate to enlarge the obligations or diminish the rights of the lessee. The lease was for a period of ten years, beginning on June 1, 1966, on which date it was filed for record. The lease was further confirmed by letter dated May 31, 1966, signed by Thurman Johnson, the hotel owner.

On January 1, 1969, Thurman Johnson, the hotel owner, executed a five year written lease of the Plaza Hotel to Chester Williams, Jr.

Thereafter, on or about January 15, 1969, the Hotel lessee, Chester Williams, Jr., orally agreed to permit Maurice L. Boylan, doing business as Longhorn Music Company, to operate coin machines in the Plaza Hotel.

Admittedly no material facts are in dispute.

We are not required to pass on the merits or the legality of the concession contract in question on this appeal.

The only question presented here is whether or not the court below abused its discretion in granting a temporary injunction in order to maintain the status quo pending a trial of the case on its merits. We hold that it did not. The pleadings of the plaintiff and the evidence in support thereof fully support the action of the court.

In his suit the plaintiff alleged an exclusive concession contract for the operation of coin operated machines in the Plaza Hotel, and that the defendants were seeking to violate this contract by installing coin operated machines belonging to the defendant Boylan. Plaintiff further alleged irreparable injury and damages and no adequate remedy at law.

It is undisputed that the plaintiff's coin operated machines were located in the Plaza Hotel and operating at the time of the hearing on the injunction. It is further undisputed that the Hotel lessee had machines on the premises belonging to the

**56**

defendant Boylan and was threatening to disconnect plaintiff's machines and connect those belonging to Boylan. There was evidence that the plaintiff had paid a valuable consideration for the execution of said concession lease and was to be paid a percentage of the income from the operation of the machines.

In Transport Co. of Texas v. Robertson Transports, 261 S.W.2d 549 (1953), the Supreme Court of Texas, speaking through Justice Calvert, said: "In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex. Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, Tex.Sup. [151 Tex. 239], 248 S.W.2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235." See also Brewer v. Height, 219 S.W.2d 516 (Amarillo, Tex.Civ.App., 1949, no writ hist.).

In the latter case it was said: "Our courts have held that the granting or refusing of a temporary injunction is a matter within the sound discretion of a trial court and that a trial court's action in either granting or refusing a temporary injunction will not be disturbed on appeal unless it clearly appears from the record that such discretion has been abused."

The record before us reveals that the applicant for the temporary injunction showed a right to be protected and a threatened impairment or destruction of that right before a final hearing could be had. In our opinion the trial court did not abuse its discretion in granting the temporary injunction pending a final and full hearing of the case on its merits.

For the reasons stated, the action of the trial court in granting the temporary injunction is affirmed.