**Chris PARADISSIS, Appellant,**

v.

**ROYAL INDEMNITY COMPANY, Appellee.**

**No. 726.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 16, 1973.

Rehearing Denied June 6, 1973.

---

Thomas G. Bousquet, Robert D. Mc-Pherson, Wandel & Bousquet, Houston, for appellant.

Sam H. Hood, Jr., Martin D. Beirne, Fulbright, Crooker & Jaworski, Houston, for appellee.

COULSON, Justice.

Chris Paradissis, plaintiff, instituted suit against Royal Indemnity Company, defendant, for damages alleged to have been caused by defendant's breach of contract, a policy of workmen's compensation insurance, and alleged negligence in the performance of said contract. The defendant's plea to the jurisdiction was sustained and the cause was dismissed. The plaintiff has perfected this appeal from the order of dismissal. The trial court is affirmed.

A policy of workmen's compensation insurance was carried by Royal Indemnity Company upon Rainbo Baking Company, the employer of Chris Paradissis. On June 6, 1962, Chris Paradissis suffered an accidental injury in the course of his employment. On January 20, 1965, the Industrial Accident Board of the State of Texas awarded Chris Paradissis workmen's compensation for total and permanent disability. The award was fully and timely paid by Royal Indemnity Company. In connection with his initial claim before the Industrial Accident Board, Chris Paradissis made no request for medical benefits and the Board made no award for medical benefits; however, Royal Indemnity Company paid the costs of continuing medical care, nursing services, hospital benefits and medicine for Chris Paradissis including, but not limited to, surgery on his back for correction of a disc defect and fusion of the back, together with continuing treatment by an orthopedic surgeon until 1971.

Plaintiff instituted this suit on February 15, 1972. Plaintiff asserts that the defendant insurance company was notified by a neurosurgeon that plaintiff had a definite psychoneurosis and should be treated by a psychiatrist; that in 1966 the operating orthopedic surgeon stated that Chris Paradissis was in need of psychiatric services; and that in 1971 the treating orthopedic surgeon informed Chris Paradissis that there was nothing that he could do for him and that he should see a psychiatrist. The plaintiff's first amended original petition contends that the failure by Royal Indemnity Company to provide psychiatric services was a breach of the contract of workmen's compensation insurance. The plaintiff further contends that the defendant insurance company was negligent in (a) concealing the plaintiff's true condition from the plaintiff and the Industrial Accident Board; (b) failing to provide psychiatric

care and services as recommended by doctors of the insurance company's choice; (c) requiring the plaintiff to be treated by an orthopedic surgeon when the insurance company knew that plaintiff suffered from a functional disability requiring psychiatric care; (d) failing to provide psychiatric services when recommended by two physicians; and (e) failing to provide the necessary medical care required to alleviate, reduce and stop the pain and suffering endured by the plaintiff.

The plaintiff sought to recover damages for pain and suffering, mental anguish, loss of earnings and loss of earning capacity in the total sum of $540,000 and exemplary damages in the sum of $500,000.

The defendant Royal Indemnity Company answered asserting, among other maters, that the court was without jurisdiction of the parties or subject matter of the suit and that all rights of the plaintiff were derivative of the policy of workmen's compensation insurance and the applicable workmen's compensation law. The defendant made general reference to Articles 8306, 8307, 8308 and 8309 of the Vernon's Ann. Revised Civil Statutes of Texas as they were in effect on June 6, 1962. Specific reference by the defendant is made to sections 7 and 7a of Article 8306.

The defendant insurance company in its plea to the jurisdiction states that Chris Paradissis, through his attorney, by letter dated December 27, 1971, filed with the Industrial Accident Board a claim for continuing medical benefits provided by the Workmen's Compensation Act seeking, among other things, reimbursement for unspecified bills, expenses and debts incurred for nursing services, medical attention and medical care and pleading that the Board order a change in the treating physicians. Said letter was the first claim made by Chris Paradissis with the Industrial Accident Board subsequent to the Board's

award on January 20, 1965. By letter dated January 26, 1972, Chris Paradissis, through his attorney, requested the Board to take no further action (upon the claim filed for him by letter dated December 27, 1971) until requested to do so by the parties. Thereafter on February 15, 1972, Chris Paradissis filed his original petition in this suit against Royal Indemnity Company alleging breach of contract and negligence.

The defendant's plea to the jurisdiction was heard by the trial court on April 3, 1972. The order sustaining said plea and dismissing the cause was signed and entered on June 27, 1972.

Appellant asserts error by the trial court in sustaining the plea to the jurisdiction and dismissing the plaintiff's lawsuit because (1) the plaintiff's petition did state a cause of action and (2) the Texas Workmen's Compensation Act did not divest the trial court of jurisdiction of the plaintiff's case.

The briefs of appellant and appellee set forth claims and matters which were not a part of the record before the trial court. Only such matters which were presented before the trial court will be reviewed upon this appeal from the order sustaining the defendant's plea to the jurisdiction and dismissing the cause. Ray v. Fort Worth, 284 S.W.2d 930 (Tex.Civ.App. —Fort Worth 1955, writ dism'd). However, the plaintiff's first amended original petition will be construed as favorably as possible for the pleader. The Court will look to the pleader's intendment. Every fact will be supplied that can reasonably be inferred from what is specifically stated. Gulf, Colorado & Santa Fe Railway Co. v. Bliss, 368 S.W.2d 594 (Tex.Sup.1963).

The Legislature of the State of Texas first passed a workmen's compensation law in 1913. That law was subsequently

amended in 1917 and, with numerous further amendments, was in effect on June 6, 1962 as the applicable Texas Workmen's Compensation Act. The act is a comprehensive and complete statute establishing an exclusive system governing compensation to employees for injuries sustained in the course of their employment. The act is intended to provide an adequate, prompt and equitable system of compensation, payment for medical treatment and for rehabilitation of the injured employee. The Legislature has maintained a constant surveillance of the act making meaningful amendments to adjust for economic changes, increases in knowledge in the fields of medicine, rehabilitation and safety and to assure a more efficient delivery of benefits and services. The act establishes the rights of the employee, the employer and the insurer of the employer. The act defines the duties of the employee, the employer and the insurer of the employer. The act establishes a system for the enforcement of the rights and duties of all concerned. Each party must discharge his responsibility if the system established by the Legislature is to be effective and its worthy purposes are to be fulfilled.

Article 8306, section 6 provides in part:

" . . . The medical aid, hospital services, chiropractic services, and medicines, as provided for in Section 7 hereof, shall be supplied as and when needed and according to the terms and provisions of said Section 7 . . . . In any event the employee shall be entitled to the medical aid, hospital service, chiropractic service, and medicines provided in this law . . . ".

Article 8306, section 7 provides in part:

"The association shall furnish such medical aid, hospital services, nursing, chiropractic services, and medicines as may reasonably be required at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury. Such treatment shall include treatments necessary to physical rehabilitation, . . . for such period as the nature of the injury may require or as necessary to reasonably restore the employee to his normal level of physical capacity or as necessary to give reasonable relief from pain, . . . ".

The Workmen's Compensation Act obligates the insurance carrier to provide, furnish or supply medical services. If the insurance carrier refuses, fails or neglects to provide such medical services within a reasonable time after notice of injury, the Workmen's Compensation Act affords the employee a remedy in authorizing the employee to provide such medical services at the cost of the insurance carrier. See Article 8306, sec. 7.

If the insurance carrier is furnishing medical services but there is reasonable ground to believe that such medical services endanger or impair the life, health or recovery of the employee, the Workmen's Compensation Act affords the employee a remedy in authorizing the Industrial Accident Board to order a change in the medical services. If the insurance carrier does not promptly comply with the order of the Industrial Accident Board for change in medical service, the Workmen's Compensation Act affords the employee a remedy in authorizing the Industrial Accident Board to permit the employee to provide the changed medical service at the expense of the insurance carrier under regulations provided by the Board. See Article 8306, sec. 7a.

█ In the case at bar, the employee contends that the insurance carrier possessed information that the employee had a psychoneurosis that should be treated by a psychiatrist, that said information was withheld from the employee and that the insurance carrier refused, failed and neglected to provide such psychiatric service

**150**

in breach of the contract of workmen's compensation insurance. The employee's remedy for such breach is provided by Article 8306, section 7a of the Workmen's Compensation Act. The employee must pursue his remedy before the Industrial Accident Board for change of medical service. The alleged knowledge of the insurance carrier of psychoneurosis and the alleged failure of the insurance carrier to disclose such knowledge to the employee would be evidence of "good cause" for the employee's failure to promptly and timely file his claim under section 7 and 7a of Article 8306.

■ Before any action may be maintained in the district court the employee must first pursue all remedies available to him before the Industrial Accident Board. Industrial Accident Board v. Glenn, 144 Tex. 378, 190 S.W.2d 805 (1945).

■ Under the provisions of the Workmen's Compensation Act of Texas, if Chris Paradissis was dissatisfied with the medical services furnished him, it was mandatory that he file a claim with the Industrial Accident Board to obtain a change in such medical services, a change in physicians or such other benefits afforded by the Workmen's Compensation Act. Having failed to invoke the jurisdiction of the Industrial Accident Board as required by the Workmen's Compensation Act of the State of Texas in any of the respects available to him and having failed to obtain any ruling, decision or award from the Industrial Accident Board of Texas from which there is a right of appeal, Chris Paradissis is not entitled, as a matter of law, to invoke the jurisdiction of the district court.

The action of the trial court in sustaining the plea to the jurisdiction is affirmed. The costs herein are taxed to the appellant.

CURTISS BROWN, J., not participating.