North AlamoII 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-534-CV




NORTH ALAMO WATER SUPPLY CORPORATION,





 APPELLANT


vs.





TEXAS DEPARTMENT OF HEALTH AND BROWNING-FERRIS, INC.,




 APPELLEES



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 454,715-A, HONORABLE JOE DIBRELL, JUDGE PRESIDING



 



 Today, we revisit the controversy surrounding the construction and operation of
a solid-waste disposal facility in Hidalgo County. In an earlier action, the North Alamo Water
Supply Corporation (North Alamo) sought judicial review of the decision of the Texas Department
of Health (the Department) to permit Browning-Ferris, Inc. to construct this landfill; we
subsequently affirmed the district court's judgment upholding the agency order. See North Alamo
Water Supply Corp. v. Texas Dep't of Health and Browning-Ferris, Inc., No. 03-91-181-CV (Tex.
App. -- Austin, June 3, 1992, n.w.h.) (North Alamo I). In the instant cause, North Alamo
challenges the Department's actions taken after the permit's issuance. The district court dismissed
the cause; we will affirm that order of dismissal.



 BACKGROUND


 On September 19, 1988, the Department granted Browning-Ferris a permit to
operate a solid-waste disposal facility in Hidalgo County, subject to several special provisions. 
The trial court severed North Alamo's claim for judicial review of the permit pursuant to the
Administrative Procedure and Texas Register Act (APTRA). See Tex. Rev. Civ. Stat. Ann. Art
6252-13a (Pamph. 1992). In that portion of the cause, the district court affirmed the Department's
issuance of the permit and we subsequently affirmed the court's judgment. See North Alamo I.

 In the remaining cause, brought pursuant to the Uniform Declaratory Judgments
Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (1986 & Supp. 1992), North Alamo
asked the court to interpret Special Provision E of the permit and to declare certain of the
Department's acts taken pursuant to the provision as ultra vires. North Alamo claimed that the
Department in effect amended the permit without affording North Alamo a public hearing.

 Browning-Ferris filed a motion for summary judgment contesting North Alamo's
right to any declaratory judgment on four grounds: (1) the permit, including Special Provision E,
was lawful; (2) the Department did not amend the permit; (3) North Alamo's request for
declaratory judgment was barred by res judicata or collateral estoppel; and (4) the Department
retained original jurisdiction to enforce the disputed permit.

 The district court entered a final order dismissing the cause. North Alamo appeals
this order, arguing that the revisions made pursuant to Special Provision E impermissibly amended
the permit and the trial court erred by not examining whether the Department's actions exceeded
the scope of its authority.



DISMISSAL ORDER


 Browning-Ferris' motion for summary judgment presented a jurisdictional
argument, along with other grounds for summary judgment. The trial court's final order of
dismissal reads:



 On the 19th day of July, 1991, came on to be considered Intervenor
Defendant Browning-Ferris, Inc.'s Motion for Summary Judgment. The Court,
after having considered the motion, arguments of counsel, and the other papers and
pleadings on file in this cause is of the opinion that the motion should be granted
and this cause should be dismissed.


 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED
that the Intervenor Defendant Browning-Ferris, Inc.'s Motion for Summary
Judgment is hereby granted and this cause is hereby dismissed.


 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
all other relief not specifically granted herein is denied. Nothing herein shall
prejudice the right of any party to request further action from the Texas
Department of Health.



Nothing in this order suggests that the district court adjudicated the merits of this cause. Because
a judgment of dismissal is neither an adjudication of the rights of the parties, Crofts v. Court of
Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962), nor an adjudication of the merits of the
dismissed cause, Matter of J.A.L., 608 S.W.2d 819, 821 (Tex. Civ. App. 1980, no writ), we
construe this order as an order of dismissal for want of jurisdiction. Consequently, we limit our
review solely to the jurisdictional issue.



ANALYSIS


 The heart of North Alamo's complaint is that Special Provision E resulted in the
Department's amending Browning-Ferris' permit without a public hearing, in violation of the
Department's statutory authority. The legal issue presented is whether North Alamo may raise
this complaint in district court before the Department addresses the question. North Alamo
bypassed the Department and proceeded directly to the district court to seek judicial scrutiny of
Special Provision E and the Department's actions. Browning-Ferris and the Department maintain
that North Alamo cannot leapfrog the Department and seek direct intervention by the district court
in the administrative process.

 North Alamo responds that its request for a post-permit hearing before the
Department was denied, but a review of the transcript reveals that what North Alamo requested
was a rehearing on the Department's decision to grant the permit. The record reveals no request
for a hearing on the post-permit revisions complained of in this severed cause of action. We
therefore treat this complaint as one presented to the district court before it was addressed to the
agency. North Alamo argued unsuccessfully that the district court had inherent jurisdiction to
review the Department's ultra vires actions, by which the agency allegedly exceeded its authority
by amending Browning-Ferris' permit without a public hearing.

 Whether the district court had jurisdiction to hear these complaints before they were
presented to the Department is a question of law. Qwest Microwave, Inc. v. Bedard, 756 S.W.2d
426, 436 (Tex. App. 1988, no writ). In reviewing an order of dismissal for want of jurisdiction,
we construe the pleadings in favor of the pleader. Huston v. FDIC, 663 S.W.2d 126, 129 (Tex.
App. 1984, writ ref'd n.r.e.); Paradissis v. Royal Indem. Co., 496 S.W.2d 146, 148 (Tex. Civ.
App. 1973), aff'd, 507 S.W.2d 126 (Tex. 1974).

 Judicial review is generally available after final agency decisions, but not before. 
See APTRA § 19; Solid Waste Disposal Act, Tex. Health & Safety Code Ann. § 361.321 (1992). 
This complaint focuses only upon agency action taken after the permit was issued. There is no
evidence that North Alamo ever asked the Department to consider these post-permit complaints. 
APTRA provides that "a person who has exhausted all administrative remedies available within
the agency and who is aggrieved by a final decision in a contested case is entitled to judicial
review under this Act." APTRA, § 19(a). Here, the Department has made no decision of any
kind regarding the alleged amendments to the permit.

 North Alamo's pleadings request judgment pursuant to the Declaratory Judgments
Act. But that Act does not itself bestow jurisdiction upon the district court. In Southwestern Bell
Telephone Co. v. Public Utility Commission, 735 S.W.2d 663 (Tex. App. 1987, no writ), we
noted that the Declaratory Judgments Act



creates a remedy that would not otherwise be available for a cause of action that
already falls within the court's jurisdiction; it does not itself confer
jurisdiction. . . . Ordinarily, in the context of administrative proceedings, the
court's jurisdiction under the Uniform Declaratory Judgments Act has derived from
its inherent power to hear and determine whether the agency action in controversy
was ultra vires or unconstitutional.



Id. at 667 (citations omitted).

 In North Alamo I, we reviewed the Department's decision to issue a permit
containing Special Provision E; we held that the agency decision was a final order and that the
special provision did not violate North Alamo's due process rights. In this cause of action North
Alamo complains of the post-permit revisions made pursuant to Special Provision E. In North
Alamo I, we characterized the Department's role in reviewing subsequent design revisions as a
matter of enforcement: "The Department's role is limited to ensuring that the revisions comply
with the applicable statutes and regulations." S.W.2d at . The enforcement of the permit
conditions is committed to agency expertise and discretion; if the disputed revisions do not comply
with the terms of the permit and its special provisions, the Department is authorized to address
the non-compliance. See Solid Waste Disposal Act, Tex. Health & Safety Code Ann. §§ 361.221-.302 (1992).

 North Alamo cites authorities illustrating the general rule that a trial court may
intercede before administrative remedies are exhausted where the administrative agency lacks
jurisdiction. See, e.g., City of Sherman v. Public Util. Comm'n, 643 S.W.2d 681 (Tex. 1983);
Westheimer Indep. Sch. Dist. v. Brockette, 567 S.W.2d 780 (Tex. 1978); Cypress-Fairbanks
Indep. Sch. Dist. v. Texas Educ. Agency, 797 S.W.2d 336 (Tex. App. 1990), rev'd, 35 Sup. Ct.
J. 725 (May 9, 1992). But here the Department has jurisdiction to enforce the terms of its permits
and to review disputed design revisions. See Solid Waste Disposal Act, Tex. Health & Safety
Code Ann. §§ 361.221-.303. The Department has promulgated regulations addressing proposed
modification or amendment to permits, see Dep't of Health, 25 Tex. Admin. Code. § 325.56
(1989) (concerning revocation or amendment of a permit). (1) Under Rule 325.56, the Department
has the authority to determine when a proposed modification will require actual amendment of the
permit. The fact that the Department might decide "wrongly" in the eyes of an opposing party
does not vitiate the agency's jurisdiction to make an initial decision.

 Though the Department retains jurisdiction to enforce compliance with permit
requirements and restrictions, North Alamo has not indicated how the Solid Waste Disposal Act
authorizes a private citizen to bring an enforcement action against a party who appears to have
violated a permit provision. Cf. § 361.224 (allowing the Department to bring an enforcement
action); § 361.225 (allowing a county or political subdivision to bring an enforcement action); §
361.226 (allowing a municipality to bring an enforcement action). We are sympathetic to North
Alamo's concerns over the placement and operation of Browning-Ferris' landfill. But the
Legislature, and not this Court, is vested with the authority to create any statutory causes of
action.

 Because we overrule North Alamo's third and fourth points of error claiming the
trial court maintained jurisdiction over this matter, we need not address the remaining points of
error. We affirm the district court's order of dismissal.



 

 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 26, 1992

[Publish]

1.   The Texas Legislature has recently re-identified those administrative agencies
responsible for the implementation of the Solid Waste Disposal Act. See 1991 Tex. Gen.
Laws, ch. 3, §§ 1.001-et seq., at 5. Effective March 1, 1992, and until August 31, 1993, the
Texas Water Commission is the successor to the Texas Department of Health for the
administration and enforcement of laws pertaining to the disposal of solid waste. Effective
September 1, 1993, the Texas Natural Resource Conservation Commission will assume those
responsibilities. Id. at § 1.088, at 43. 


 As part of this reorganization process, the Water Commission has recodified many of the
Department of Health's former rules and regulations to reflect its acquisition of jurisdiction over
solid-waste disposal. See generally 17 Tex. Reg. 1649 (listing former Dept. of Health rules to
be recodified at Tex. Water Commission, 31 Tex. Admin. Code § 330). And in some cases,
certain Department of Health regulations have been repealed as duplicative of existing Water
Commission regulations. Id. at 1646. Former Dept. of Health Rule 325.56 was one such rule
and was administratively repealed, effective March 1, 1992.


 However, in the 1991 act, the Legislature declared that "any act or proceeding commenced
before the effective date of this article, including a proceeding by a reviewing court, is governed
by the law and rules applicable to the action or proceeding before the effective date of this
article." See 1991 Tex. Gen. Laws, ch. 3, § 1.090(a), at 44. Thus we refer to former rule
325.56.