STATE of Missouri,
Plaintiff-Respondent,

v.

Bruce DIXON, Defendant-Appellant.

No. 13312.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 29, 1984.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied March 22, 1984.

Application to Transfer Denied May 15, 1984.

John D. Ashcroft, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Heather A. Shrader, Asst. Public Defender, Rolla, for defendant-appellant.

PREWITT, Judge.

Following jury trial appellant was convicted of sodomy, § 566.060, RSMo Supp. 1982, and sentenced to life imprisonment. Appellant was charged with inserting his penis into the anus of another man by threatening him bodily harm by the use of a broken piece of mirror on February 19, 1982, while both were inmates in the Laclede County Jail. In his testimony appellant admitted the act, but denied that any threats or force were used and said that it was done with the complainant's consent.

On appeal appellant presents three points. He contends in his first point that the trial court erred in excluding testimony from two defense witnesses. Both had been inmates in the Laclede County Jail with appellant and the complaining witness. According to appellant's counsel's offer of proof, one of the witnesses would have testified that on February 9, 1982, when the complainant first came into the jail he stated that at a party he had been "fucked by five other guys", and that to the inmates in jail that meant that the complainant "had anal sexual intercourse with five other guys." The other witness would have testified that on or about the date of the offense charged he "observed" the complainant "voluntarily having ... oral sexual intercourse" with appellant.

■ Appellant contends that this evidence was relevant on the issue of consent. He asserts that a person who had consented to the acts described in the offer of proof would be more likely to consent to the act in question than a person who had not previously done so. Lack of consent is an element of sodomy. § 566.060, RSMo Supp.1982. The trial court excluded the evidence because it was not relevant and because it was not admissible under § 491.-015, RSMo 1978, commonly referred to as the "rape shield" statute. Respondent's

brief acknowledges that this statute does not apply here and we agree. Section 491.-015 says it applies in prosecutions for rape, attempt to commit rape or conspiracy to commit rape. Rape requires sexual intercourse. § 566.030, RSMo Supp.1982. Whatever "sexual intercourse" may include in common use, by statute it "means any penetration, however slight, of the female sex organ by the male sex organ". § 566.-010(1), RSMo 1978. That did not occur here.

Although *State v. Brown*, 636 S.W.2d 929, 933 (Mo. banc 1982), U.S. cert. den. 459 U.S. 1212, 103 S.Ct. 1207, 75 L.Ed.2d 448 (1983), involved a prosecution for rape and the constitutionality of the "rape shield" statute, it does contain some statements that we feel must be considered. It rejects the contention "that a woman's prior consent is *per se* relevant to the question of a later consent". It states that "it is apparent that in most instances a rape victim's past conduct has no reasonable bearing upon the issue of consent". "Consideration necessarily must be given to the known fact that such evidence tends to detract the jury from the issue it is called upon to resolve." Id., 636 S.W.2d at 934. We read these comments as being the court's feeling even had § 491.015 not been enacted.

■ We find no abuse of discretion in the trial court preventing the introduction of evidence regarding the complaining witness's sexual activities with other men. Sexual conduct with one other than the defendant was not ordinarily admissible in a rape prosecution before the rape shield statute. *State v. Lee*, 404 S.W.2d 740, 749 (Mo.1966); *State v. Kain*, 330 S.W.2d 842, 845 (Mo.1960). We are not prepared to say that the rule should be different because two men rather than a man and a woman are involved. Although a man who has engaged in sexual activity with another man might be more willing to do so again, a question we cannot answer, evidence of the prior acts might distract the jury from the issue it is called upon to resolve. We

cannot say that the trial court abused its discretion in determining that the prejudicial effect of the evidence would outweigh any probative value. See *State v. Brown*, supra, 636 S.W.2d at 934.

Nor do we believe that the offer of proof sufficiently established the relevance and admissibility of testimony that the claimant on or about the date of the offense charged had "oral sexual intercourse" with appellant. When an objection is sustained the party offering the evidence must demonstrate that it is relevant and material by an offer of proof in order to preserve the matter for appellate review. *State v. Dixon*, 655 S.W.2d 547, 557 (Mo. App.1983). The offer of proof must state facts which are sufficiently in detail to establish the admissibility; conclusions of counsel are not sufficient. Id.

Before the testimony could be relevant to appellant's defense, assuming that otherwise it would be, there must be facts showing that the complaining witness was acting voluntarily and no such facts appear here. The statement that it was voluntary was a conclusion of counsel and perhaps of the potential witness. Acts done under fear might appear to be consensual but not be. Absent the offer containing facts showing that the act was voluntary, no error on the part of the trial court has been established. Point one is denied.

For his second point appellant asserts that the trial court erred in ordering a mental examination of appellant to be performed by a person not qualified to do so under § 552.030.4, RSMo Supp.1982. On December 1, 1982, a motion for psychiatric examination was filed. The trial court sustained the motion on December 14, 1982, and ordered that appellant "be examined by Dr. Kenneth Wilcox." Dr. Wilcox is a psychologist with an "E.D.D." degree. An examination of appellant was made, and although the report of it is not in the record, appellant's counsel at trial stated that Dr. Wilcox filed a report of the examination "by January 10th of 1983." Respondent does not contend that Dr. Wilcox was qualified to make the examination. As far

as the record reveals no question was raised about his qualifications until January 20, 1983, the morning of trial, when appellant's counsel requested that the court have appellant evaluated by a psychiatrist.

It should have been obvious, at least by the time of the report, that Dr. Wilcox was not qualified to make the examination and if appellant was not satisfied with an examination by him, appellant should have made his request sooner. Requests to the trial court for relief should be made at the earliest opportunity. *State v. Fanning*, 647 S.W.2d 177, 178 (Mo.App. 1983); *State v. Henderson*, 510 S.W.2d 813, 822 (Mo.App.1974). As noted by the trial court, other than appellant's motion, there is nothing in the record to indicate any lack of appellant's capacity to proceed or any indication that he has a mental defect or disease. Appellant's testimony showed that he was fully aware of the proceedings and it gives no indication of any mental problems. On the day of trial, with witnesses and prospective jurors present, the trial court did not abuse its discretion in denying appellant's request. Point two is denied.

Appellant's remaining point contends that the trial court committed plain error in excluding testimony of the complaining witness's attorney concerning plea negotiations because the complaining witness waived his attorney-client privilege. Appellant said this occurred when the complaining witness said, without objection, on cross-examination, that he had received probation as a result of a plea bargain but that it was not part of the agreement that he would testify against appellant in this case.

We do not see how admitting that there was a plea bargain agreement would waive the attorney-client privilege. The witness made no reference to any conversation with his lawyer. Where a party does not testify as to privileged communications with his attorney, he does not waive the privileged character of the communications.

81 Am.Jur.2d, Witnesses, § 226, p. 258. See also *State v. Norris*, 577 S.W.2d 941, 948 (Mo.App.1979); *Simmons v. Universal Life Ins. Co.*, 227 Mo.App. 1238, 61 S.W.2d 382, 384 (1933); Annot., Party's waiver of privilege as to communications with counsel by taking stand and testifying. 51 A.L. R.2d 521, 523 (1957). The complaining witness did not waive his attorney-client privilege. This point is denied.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.