**Bruce Edward DIXON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15290.

Missouri Court of Appeals, Southern District, Division One.

March 31, 1988.

Motion for Rehearing or to Transfer to Supreme Court Denied April 21, 1988.

Application to Transfer Denied June 14, 1988.

---

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

Bruce Edward Dixon was jury-convicted of the class A felony of sodomy by the use of forcible compulsion, § 566.060,[1] during the course of which offense he displayed a deadly weapon in a threatening manner. As punishment for his crime, Dixon was sentenced, as a persistent offender, to life

imprisonment. On direct appeal, the conviction was affirmed. *State v. Dixon*, 668 S.W.2d 123 (Mo.App.1984).

After incarceration, Dixon filed a pro se motion to vacate his conviction, pursuant to Rule 27.26, which alleged, on the issue relevant here, ineffective assistance of trial counsel. After an evidentiary hearing, the motion court made findings of fact and conclusions of law, and denied relief.

On appeal, Dixon asserts the motion court erred in denying relief "because the record demonstrates that appellant and his trial counsel had become embroiled in an irreconcilable conflict that precluded the existence of an effective attorney-client relationship, in that appellant had lost faith in his attorney's ability to adequately represent him, since counsel had informed appellant that he did not know much about Missouri law and had never before tried a case in Missouri."

Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j). Dixon has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f).

■■■ An irreconcilable conflict exists where there is a total breakdown of communication between attorney and client. *State v. Turner*, 623 S.W.2d 4, 11 (Mo. banc 1981), cert denied, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). It is clear from the record that no such breakdown between Dixon and his counsel occurred.

The motion court's findings regarding the effective assistance of counsel issue are as follows:

Movant's first two asserted grounds for relief complain that the trial court erred in not conducting a 'thorough inquiry' into the basis for his dissatisfaction with his appointed counsel and that the trial court erred in not appointing substitute counsel. His third ground

1. All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

claims that he received ineffective assistance of counsel in the 'pretrial stages.'

At evidentiary hearing, movant testified that his concern about his appointed counsel was that the attorney had recently moved to Missouri from New Mexico and he (movant) was uncertain whether his attorney would be 'familiar with Missouri law.' Movant further testified that he doesn't remember if he told his attorney that he was dissatisfied. Movant also testified that he had no arguments or heated verbal exchanges with his attorney. Movant did not recall whether he told the attorney that he did not want the attorney representing him.

Movant's trial attorney testified that a letter movant had written to the presiding judge for the circuit in which movant's criminal case was filed was sent to the attorney. Thereafter, the attorney wrote movant and told movant to write him concerning any complaints. No response was received.

Shortly thereafter, the attorney met with movant and was advised by movant that movant's wish was for him to continue representing movant. The attorney testified that there were no irreconcilable differences between him and movant and that movant expressed no dissatisfaction to him.

The trial court had no reason to inquire about dissatisfaction of movant with his trial counsel. No error was committed by not appointing substitute counsel. The first two points fail.

The third point also fails. There was no showing by movant of any ineffective assistance of counsel.

These findings are supported by substantial evidence in the record, and are not clearly erroneous.

The facts of the underlying case are simple, and there is nothing noteworthy regarding them other than the depravity of the defendant's act. At trial, the state proved beyond a reasonable doubt that Dixon, while an inmate in the Laclede County jail, committed anal sodomy on another inmate by threatening to kill him with a piece of broken glass if he did not submit. Dixon admitted the sodomy, but claimed that it was consensual. The jury did not believe him, which was understandable, due to Dixon's three prior felony convictions. Dixon was offered a plea bargain of a term of a few years in exchange for a plea of guilty. He refused, gambling that the jury would believe his story, rather than that of his victim. His confidence in his ability to convince the jury that the sodomy was consensual was evidently misplaced. The findings and conclusions of the motion court are not clearly erroneous. We find no error.

The judgment of the motion court denying Dixon's motion to vacate is affirmed.

CROW, C.J., and HOLSTEIN, J., concur.