**Delo H. CASPARY and Clark C. Flato, Appellants,**

v.

**CORPUS CHRISTI DOWNTOWN MANAGEMENT DISTRICT,**
**Appellee.**

No. 13–95–520–CV.

Court of Appeals of Texas, Corpus Christi.

April 10, 1997.

Rehearing Denied April 30, 1997.

Andrew M. Greenwell, James R. Harris, Harris & Thomas, Corpus Christi, for Appellants.

Hal George, Broyles & Pratt, Corpus Christi, James F. McKibben, Jr., Carlos Villarreal, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for Appellee.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

CHAVEZ, Justice.

This is an appeal of the trial court's granting of the plea to the jurisdiction filed by Corpus Christi Downtown Management District ("District") in appellants' lawsuit against the District. We affirm the trial court's order.

### Factual background

Appellants complain of the *ad valorem* taxation scheme of the District, which is an agency (or municipal management district) created pursuant to Chapter 375 of the Texas Local Government Code. The District taxes real property within its jurisdiction in accordance with land value only, irrespective of the value of improvements to such realty.[1] Each property owner incurs a minimum tax liability of $300, subject to a $12,000 cap.

Appellants, through *ad valorem* taxation consultants whom they hired, appeared at the District's hearing on the proposed assessment scheme, and lodged their objections with the hearing examiner.[2] The District's board of directors, on consultation with the hearing examiner, adopted the proposed assessment scheme. No notice of the District's overruling of appellants' objections was received by appellants' tax consultants (at least there was no personal or mailed notice), and some time later appellants received their tax bill. Outside of their opportunistic window for seeking an administrative appeal, appellants brought suit in the district court, challenging the validity of the District's assessment scheme. *See* Tex. Loc. Gov't Code Ann. § 375.123(a) (Vernon Supp.1997).

In the trial court, the District filed a plea to the jurisdiction, asserting that appellants had failed to exhaust their administrative remedies. The District's plea was granted and appellant's suit was dismissed. This appeal ensued.

The fulcrum of this dispute is Texas Local Government Code, section 375.097(b). Appellants urge that section 375.097(b) required notice to them, either personally or by first class mail (*i.e.*, in accordance with Texas Government Code, section 2001.142(a)) that, notwithstanding their objections, the District had adopted the complained-of taxation scheme. The District argues that no such requirement is inherent in Local Government Code, section 375.097(b), which provides: "The *hearing* shall be conducted in accordance with Chapter 2001, Government Code." Tex. Loc. Gov't Code Ann. § 375.097(b) (Vernon Supp.1997) (emphasis added). Appellants thus base their arguments on Texas Government Code, section 2001.142(a), which provides: "A party in a *contested case* shall be notified either personally or by first class mail of any decision or order." Tex. Gov't Code Ann. § 2001.142(a) (Vernon Pamph.1997) (emphasis added). We are called upon to decide whether Texas Local Government Code, section 375.097(b), incorporates the notice provisions Texas Government Code, section 2001.142(a).

### Governing law

#### Standard of review

■ In reviewing an order of dismissal for want of jurisdiction, we construe the ef-

---

1. "Land only" taxation is expressly authorized by Texas Local Government Code, section 375.119(2).

2. Presumably, the hearing examiner was appointed in accordance with Texas Local Government Code, section 375.097(a).

fective pleadings and look to the appellants' intent, as set forth in their "Second Amended Original Petition" ("second petition").[3] *See Huston v. Federal Deposit Ins. Corp.*, 663 S.W.2d 126, 129 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). "Only such matters which were presented before the trial court will be reviewed on appeal from the order sustaining the defendant's plea to the jurisdiction and dismissing the cause." *Id.* "Jurisdiction, at a hearing on a plea to the jurisdiction, is properly determined solely by the allegation in plaintiff's pleading and these allegations are taken as true." *Id.* Accordingly, after determining the applicable legal requirements concerning appellants' exhaustion, *vel non*, of administrative remedies, we look to appellants' second petition to determine compliance.

### Administrative Procedure Act

Chapter 2001 of the Texas Government Code is the Administrative Procedure Act (the "Act"), the purpose of which is to "provide minimum standards of uniform practice and procedure" for agencies with statewide jurisdiction. TEX. GOV'T CODE ANN. §§ 2001.001(1), 2001.002, 2001.003(7) (Vernon Pamph.1997). The Act also applies to "the State Office of Administrative Hearings for the purpose of determining contested cases." *Id.* § 2001.003(7). The Act sets forth a comprehensive scheme circumscribing the activities of state administrative agencies. *See id.* §§ 2001.001—2001.902.

Under the Act, the term " 'contested case' means a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." *Id.* § 2001.003(1). As noted above, "a party in a contested case shall be notified either personally or by first class mail of any decision or order." *Id.* § 2001.142(a).

### Municipal management districts

Chapter 375 of the Texas Government Code provides for the creation of "Municipal Management Districts," which are considered to be "political subdivision[s] of the state." TEX. LOC. GOV'T CODE ANN. § 375.004 (Vernon Supp.1997). Municipal management districts exist primarily for the purpose of local economic development. *See id.* § 375.001. Municipal management districts are empowered to assess taxes within their jurisdictions. *Id.* §§ 375.111, 375.112.

Chapter 375 sets forth a limited procedural framework for the adoption of assessment schemes. *Id.* §§ 375.113, *et seq.* The board of directors of a municipal management district "may appoint a hearings examiner to conduct any hearing called by the board[.]" *Id.* § 375.097(a). Further, "[t]he hearings examiner may be an employee of the district or a member of the district's board." *Id.*

■ Municipal management districts are presumptively not governed by the Act, as their jurisdictions are local and they do not utilize hearings examiners supplied by the State Office of Administrative Hearings. *See* Tex. GOV'T CODE ANN. §§ 2001.001, 2001.003(7) (Vernon Pamph.1997). Chapter 375 of the Local Government Code contains no provision regarding the individual notice, if any, to be provided by the board of directors of a municipal management district to an objecting property owner concerning the board's adoption of a tax assessment. However, "hearings" conducted by municipal management districts are to be in accordance with the Act. TEX. LOC. GOV'T CODE ANN. § 375.097 (Vernon Supp.1997).

■ Texas Local Government Code, section 375.123 ("Appeal"), provides:

(a) After determination of an assessment, a property owner may appeal the assessment to the board. The property owner must file a notice of appeal with the board not later than the 30th day after the date that the assessment is adopted. The board shall set a date to hear the appeal.

(b) The property owner may appeal the board's decision on the assessment to a court of competent jurisdiction. The property owner must file notice of appeal with

**3.** Because appellants' "Third Amended Original Petition" ("third petition") was filed subsequent to the trial court's order of dismissal, we do not consider it. Were the third petition considered, instead, our holding would remain unaffected.

the court of competent jurisdiction not later than the 30th day after the date of the board's final decision with respect to the assessment.

(c) Failure to file either of the notices in the time required by this section results in a loss of the right to appeal the assessment.

. . . .

Therefore, appellate review of assessments is triggered by the timely filing of a notice of appeal by the aggrieved property owner with the board of directors of the municipal management district.

### Statutory construction

We must attempt to harmonize Texas Local Government Code, section 375.097(b), and Texas Government Code, section 2001.142(a). *See La Sara Grain Co. v. First Nat. Bank of Mercedes,* 673 S.W.2d 558, 565 (Tex.1984); *State v. Standard Oil Co.,* 130 Tex. 313, 107 S.W.2d 550, 559 (1937). In so doing, we may consider, *inter alia,* the consequences of our construction in the instant proceeding, as well as prior administrative construction. TEX. GOV'T CODE ANN. § 311.023(5), (6) (Vernon 1988). Our task is to determine the precise meaning of "hearing," as the term is employed in Texas Local Government Code, section 375.097(b).

### Doctrine of exhaustion

■ Axiomatically, the doctrine of exhaustion requires that, prior to resorting to the courts for redress, an aggrieved party must first exhaust available remedies at the agency level. Pursuant to this well-established doctrine, failure to file a timely motion for rehearing deprives the district court of jurisdiction to undertake appellate review of an agency's decision. *See Temple Ind. Sch. Dist. v. English,* 896 S.W.2d 167, 169 (Tex. 1995); *Commercial Life Ins. v. Board of Ins.,* 774 S.W.2d 650, 651 (Tex.1989). Judicial review of an administrative decision requires compliance with all statutory prerequisites. *See Texas Water Com'n v. Dellana,* 849 S.W.2d 808, 809–10 (Tex.1993). The ex-

haustion doctrine applies, notwithstanding the aggrieved party's allegations that the agency exceeded the scope of its authority or failed to follow statutory procedures. *See, e.g., Texas Educ. Agency v. Cypress–Fairbanks Ind. Sch. Dist.,* 830 S.W.2d 88, 90 (Tex.1992) ("[P]arties must complete the agency process before seeking a judicial determination of whether the [Education] Commissioner's scope of review was procedurally defective, contrary to statutory provisions, or beyond his authority.").

### Discussion

The relevant facts of this case are not in dispute:

• The District convened a hearing, before a hearing examiner, regarding its proposed assessment;

• appellants attended the hearing and complained of the proposed assessment;

• the District's board adopted the assessment scheme over the complaints of appellants, and did not notify appellants of its decision by either the mails or personally (which, disregarding Texas Local Government Code, section 375.097(b), was not required under Chapter 375 of the Texas Local Government Code);[4]

• appellants filed no notice of appeal pursuant to Texas Local Government Code, section 375.123;

• having failed to pursue an administrative appeal, appellants proceeded directly to the district court;

• appellants' second petition contains no allegations of compliance with Texas Local Government Code, section 375.123 ("Appeal"); and

• appellee's plea to the jurisdiction, based on appellant's failure to exhaust administrative remedies, was granted.

■ The pertinent *hearing* before the District was subject to the requirements of the Act. TEX. LOC. GOV'T CODE ANN. § 375.097(b) (Vernon Supp.1997) ("The hearing shall be conducted in accordance with Chapter 2001,

4. Whether such notice was required by Texas Local Government Code, section 375.097(b), is

the subject of our analysis below.

Government Code."). The Act provides that "[a] party in a *contested case* shall be notified either personally or by first class mail of any decision or order." TEX. GOV'T CODE ANN. § 2001.142(a) (Vernon Pamph.1997) (emphasis added). Thus, the remaining question for our determination is: Is a "hearing" under Texas Local Government Code, section 375.097(b), equivalent to a "contested case" as referred to in Texas Government Code, section 2001.142(a)?

Under the Act, " 'contested case' means a proceeding ... in which the legal rights, duties, or privileges of a party are to be determined by a state agency *after an opportunity for an adjudicative hearing.*" TEX. GOV'T CODE ANN. § 2001.003(1) (Vernon Pamph.1997) (emphasis added). The foregoing definition conceptualizes the contested case as (1) an agency decision, (2) *after an opportunity for an adjudicative hearing.* The Act contains numerous references to "hearings" as proceedings within the larger framework of a contested case. *See, e.g., id.* §§ 2001.051(1); 2001.052(a); 2001.057; 2001.058(b); 2001.060(6),(7); 2001.085(1); 2001.090(a),(b). Clearly, the terms "contested case" and "hearing" are not equivalent.

Our construction of the operative statutory terms renders Texas Government Code, section 2001.142(a), inapplicable to the District *via* Texas Local Government Code, section 375.097(b), which is the only harmonious way to construe these statutes.[5] We presume that the District initially construed the statutes in this manner. The inapplicability of Texas Government Code, section 2001.142(a), to the District vitiates appellants' excuse for failure to comply with Texas Local Government Code, section 375.123. Therefore, we perceive no scenario wherein appellants have satisfied the statutory requirement of exhaustion of administrative remedies prior to suit in the district court. Further, appellants do not allege compliance (or a tenable excuse for noncompliance) with Texas Local Government Code, section 375.123, in their second petition. Applying the law to appellants' pleadings in the district court, we determine

that the trial court did not err in granting appellee's plea to the jurisdiction.

All points of error are overruled, and the trial court's order of dismissal is AFFIRMED.

---

**5.** This is not to say that Texas Local Government Code, section 375.097(b), is meaningless. We imagine that many parts of Texas Government Code, Chapter 2001, seamlessly apply to Texas Local Government Code, Chapter 375. *See, e.g.,* TEX. GOV'T CODE ANN. § 2001.057 (Vernon Pamph. 1997).