Jimmie L. GADISON and Mary Ann Gadison, Appellants,

v.

**ECONOMY MUD PRODUCTS CO., INC., Appellee.**

No. 14–97–00414–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 16, 1997.

Rehearing Overruled Nov. 13, 1997.

---

Bruce E. Dunham, Houston, for appellants.

Kristin L. Gustavson, Austin, for appellee.

Before YATES, EDELMAN and O'NEILL, JJ.

## OPINION

EDELMAN, Justice.

Jimmie L. Gadison and Mary Ann Gadison appeal the dismissal of their lawsuit for want of jurisdiction on the grounds that they did not fail to exhaust their administrative remedies, and their claims were not barred by the exclusive remedy provision of the Texas Workers' Compensation Act[1] (the "Act"). We affirm.

### Background

The Gadisons sued Jimmie's former employer, Economy Mud Products Co., Inc. ("Economy"), for negligence, gross negli-

---

1. *See* Tex.Lab.Code Ann. §§ 401.001–418.002 (Vernon 1996 & Supp.1997).

gence, intentional tort, and constructive fraud in allegedly failing to timely file a wage statement with its workers' compensation insurance carrier for a work-related injury suffered by Jimmie in 1994. The Gadisons alleged that this failure resulted in their receiving significantly less workers' compensation benefits and in damages to Mary Ann for loss of consortium.

Economy filed an answer, plea to the jurisdiction and special exceptions. Its plea to the jurisdiction was based on the Gadisons' failure to exhaust their administrative remedies under the Act. The trial court signed an order granting Economy's motion to dismiss for want of jurisdiction and dismissing the case for want of jurisdiction without stating the basis therefor. In their only point of error, the Gadisons assert that the trial court erred in granting Economy's motion to dismiss for want of jurisdiction.

### Standard of Review

■ Subject matter jurisdiction is determined by whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). In reviewing a dismissal for want of jurisdiction, we construe the pleadings in favor of the plaintiff and look to his intent. *Id.* Only matters which were presented before the trial court will be reviewed on appeal from an order sustaining a defendant's plea to the jurisdiction and dismissing the cause.[2]

### Preliminary Matters

■ The Gadisons contend that the exclusive remedy provision of the Act does not bar their action because their damages are not the result of a "work-related injury sustained by the employee,"[3] but instead an alleged tort committed subsequently by Economy for which the conduct is separate and distinct from the work-related injury. However, Economy's plea to the jurisdiction was based solely on the alleged failure to exhaust administrative remedies, and not on the exclusive remedy provision. In addition, even if the exclusive remedy provision had been asserted, it would be a plea in bar resulting in a take-nothing judgment[4] rather than a matter affecting the subject matter jurisdiction of the trial court. Therefore, the exclusive remedy provision was not a basis upon which a plea to the jurisdiction could have properly been granted or affirmed.

■ Similarly, Economy argues in the alternative that, because a trial court's judgment may be affirmed on any legal theory, the dismissal in this case should be affirmed based on its special exceptions that the Gadisons failed to state a cause of action, *i.e.*, even if the dismissal for want of jurisdiction was improper. We disagree for two reasons. First, a case may be dismissed for failure to state a cause of action only after special exceptions have been presented and sustained and the pleading party given an opportunity to amend. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). The record in this case reflects no ruling on Economy's special exceptions.

■ Secondly, Economy has cited and we have found no instance in which the rule that a trial court's judgment may be upheld on any legal theory supported by the record has been applied other than following a trial on the merits where no findings of fact or conclusions of law are filed. *See, e.g., Worford v.*

---

**2.** *Caspary v. Corpus Christi Downtown Management Dist.*, 942 S.W.2d 223, 225 (Tex.App.—Corpus Christi 1997, writ denied); *Huston v. Federal Deposit Ins. Corp.*, 663 S.W.2d 126, 129 (Tex.App.—Eastland 1983, writ ref'd n.r.e.); *Paradissis v. Royal Indem. Co.*, 496 S.W.2d 146, 148 (Tex.Civ.App.—Houston [14th Dist.] 1973), *aff'd*, 507 S.W.2d 526 (Tex.1974).

**3.** *See* Tex.Lab.Code Ann. § 408.001(a) (Vernon 1996) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the em-

ployer or an agent or employee of the employer for the death of or *a work-related injury sustained by the employee.*"). However, workers' compensation benefits are not the exclusive remedy for *intentional* work-related injuries. *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex.1985).

**4.** *See, e.g., Larchmont Farms, Inc. v. Parra*, 941 S.W.2d 93, 94–95 (Tex.1997) (rendering take-nothing judgment based on exclusive remedy provision in negligence action against employer for late filing of notice of injury).

*Stamper,* 801 S.W.2d 108, 109 (Tex.1990). Instead, the review of an order sustaining a plea to the jurisdiction and dismissing the case is limited to the matters actually presented to the trial court.[5] Because the failure to exhaust administrative remedies was the only ground Economy presented to the trial court for the dismissal in this case, it is the only basis upon which the judgment may be affirmed.

### Failure to Exhaust Administrative Remedies

With regard to exhausting administrative remedies, the Gadisons first contend that there were no administrative remedies for them to exhaust before filing suit in district court because the correct compensation rate for Jimmie's claim had already been resolved informally, and because the Act provides no administrative remedy to compensate them for the reduced benefits they received as a result of Economy's untimely submission of a wage statement. In reply to this argument, Economy points out that the administrative procedures provided in the Act must be followed before suit can be filed in district court, and that, had the Gadisons pursued the prescribed administrative remedies, any failure by Economy to timely file a wage statement would not have precluded them from obtaining the appropriate compensation through the Texas Workers' Compensation Commission (the "Commission"). Instead, Economy asserts that an injured worker who is not satisfied with the amount of benefits he is receiving for any reason, including the failure of the employer to file a proper wage statement, may request a benefit review conference and obtain a final ruling from the Commission.

The Gadisons also argue that the administrative penalty to which employers are subject for failing to timely file a wage statement is not intended to compensate them for the damages they claim. Economy agrees that the Act does not provide, and Texas courts do not recognize, a right to recover the damages the Gadisons seek. However, Economy argues that the provision of the Act for an administrative penalty[6] reflects that this lack of such a private right of action is deliberate.

 The Act vests the power to award workers' compensation benefits solely in the Commission, subject to judicial review. *Saenz v. Fidelity & Guaranty Ins. Underwriters,* 925 S.W.2d 607, 612 (Tex.1996). Thus, for example, even a person who is fraudulently induced to settle a workers' compensation claim cannot recover damages in a lawsuit for the benefits to which she would have been entitled but for the settlement. *Id.* Instead, her sole remedy is to rescind the settlement agreement and reassert her compensation claim. *Id.* This is because allowing the courts to award damages for wrongful deprivation of benefits would circumvent the Commission's jurisdiction. *Id.* Moreover, a lawsuit for damages covered by the Act is properly dismissed for want of jurisdiction where the Commission has not made a final award on the claim before the jurisdiction of the courts was invoked. *See Paradissis v. Royal Indem. Co.,* 507 S.W.2d 526, 529 (Tex.1974).

In this case, the Gadisons' petition alleged that, as a result of Economy's failure to provide a proper wage statement within thirty days of the date income benefits began to accrue, the Gadisons were "paid for a long period of time substantially less in workers' compensation benefits than the amount to which [Jimmie] was entitled, which proximately caused personal and economic injury to him." The petition further alleged:

> Prior to the conduct made the basis of this suit, Plaintiffs enjoyed a loving relationship, sharing the mutual affection, solace, comfort, companionship, society, sexual relations, emotional support, and felicity of a successful marriage. As a result of the personal and economic injuries sustained by Jimmie L. Gadison, that relationship has been damaged and Maryann Gadison has sustained a loss of consortium.

No other damages were alleged.

 On the face of the petition, the damages sought by the Gadisons arise from re-

---

5. *Caspary,* 942 S.W.2d at 225; *Huston,* 663 S.W.2d at 129; *Paradissis,* 496 S.W.2d at 148.

6. *See* TEX LAB.CODE ANN. § 415.032 (Vernon 1996); 28 Tex.Admin. Code § 128.2(e) (West 1995).

ceiving lower workers' compensation benefits than those to which they would have allegedly been entitled had the wage statement been timely filed. Because the Act vests the power to award workers' compensation benefits, including these alleged damages for wrongful deprivation of benefits, solely in the Commission, the jurisdiction of the District Court over such benefits covered by the Act was limited to review of a final award from the Commission. *Saenz*, 925 S.W.2d at 612. Because the damages claimed by the Gadisons either represent or result from an alleged loss of benefits covered by the Act, and because the Gadisons informally settled their compensation claim without obtaining a final award from the Commission, the District Court had no jurisdiction to consider their claim. Therefore, the Gadisons have demonstrated no error from the dismissal of their case for want of jurisdiction, and the judgment of the trial court is affirmed.