NUMBER 13-99-661-CV

 

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

CITY OF BROWNSVILLE,

ERNIE HERNANDEZ, and 

CARLTON "BUD" RICHARDS, 

In Their Official Capacity,

 Appellants,

v.


THE HONORABLE BEN NEECE,

 Appellee.

___________________________________________________________________


On appeal from the 138th District Court of Cameron
County, Texas.

________________________________________________________________ 
 

 O P I N I O N


Before Chief Justice Seerden, and Justices Hinojosa and
Yañez 

Opinion by Justice Yañez



 This is an interlocutory appeal from the trial court's denial of a plea
to the jurisdiction. We affirm.

 The mayor and commissioners of the City of Brownsville ("the
City") adopted a budget for fiscal year 1999-2000 which eliminated the
full time municipal court judge position held by Ben Neece. Neece
subsequently filed suit against the City in district court, seeking
injunctive relief and asserting various causes of action. The City
responded by filing an answer, which raised the affirmative defenses of
legislative immunity, absolute immunity, and official immunity. The City
also filed a plea to the jurisdiction, asserting the district court lacked
subject matter jurisdiction because Neece "ha[d] not pleaded a cause of
action against the CITY DEFENDANTS recognized at law and over which
this Court would [have] a basis for exercising its judicial authority over
the CITY DEFENDANTS." The sole issue presented by the City is
whether Neece "has stated a viable claim for relief under Texas law so
as to give the trial court a factual and legal basis" for exercising subject
matter jurisdiction over this controversy. Jurisdiction

 This Court has jurisdiction over an interlocutory appeal from the
grant or denial of a plea to the jurisdiction by a governmental unit. See
Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (Vernon Supp. 2000). 


Mootness 

 As a preliminary matter, we address the issue of whether this
appeal is now moot. Circumstances have changed significantly since
the parties filed their briefs. A supplemental clerk's record shows the
City has reversed its action, reinstating Neece as associate municipal
judge, and, as a result, the trial court has dissolved the injunctive relief
it had granted. However, at oral argument, counsel for appellant and
appellee asserted that a controversy still exists in that the parties have
not resolved the issue of damages.

 We recognize that Texas courts have no jurisdiction to render
advisory opinions. See Tex. Const. art. 2, § 1; National Collegiate
Athletic Ass'n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999); Texas Ass'n of
Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). A case
becomes moot if, at any stage, there ceases to be an actual controversy
between the parties. National Collegiate Athletic Ass'n, 1 S.W.3d at
444. The distinctive feature of an advisory opinion is that it decides an
abstract question of law without binding the parties. Texas Ass'n of
Bus., 852 S.W.2d at 444; Texas Workforce Com'n v. Gill on Behalf of
$2,583.45, 964 S.W.2d 308, 310 (Tex. App.--Corpus Christi 1998, no
pet.). After reviewing the record and the briefs filed in this case, we are
satisfied that an actual controversy still exists between the parties, and
therefore, we address the narrow issue presented. 





 Appellant's counsel also has invited this Court, for the sake of
judicial economy, to consider the changed circumstances and decide
whether a private right of action for damages under the relevant
constitutional provisions, statutes, and the city charter is precluded,
thereby extending the holding of City of Beaumont v. Boullion, 896
S.W.2d 143 (Tex. 1995), that there is no implied private right of action
for damages arising under the free speech and free assembly sections
of the Texas Constitution. Given the narrow scope of this appeal, we
decline this invitation and limit our consideration to the question of
whether the trial court erred in denying the City's plea to the jurisdiction.

Standard of Review 

 Generally, a plea to the jurisdiction urges that the court lacks the
power to determine the subject matter of the controversy. City of El
Campo v. Rubio, 980 S.W.2d 943, 945 (Tex. App.--Corpus Christi 1998,
pet. dism'd w.o.j.); State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.--Corpus Christi 1989, writ denied). When deciding whether to grant a
plea to the jurisdiction, the trial court must look solely to the allegations
in the petition. Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739
(Tex. App.--Austin 1994, writ denied). It is the plaintiff's burden to
allege facts in his petition affirmatively showing that the trial court has
subject matter jurisdiction. Texas Ass'n of Bus., 852 S.W.2d at 446. 
The trial court is required to take the allegations in the pleadings as true
and construe them in favor of the pleader. Id. If the trial court sustains
a plea to the jurisdiction, it must dismiss the case. Speer v. Stover, 685
S.W.2d 22, 23 (Tex. 1985); American Pawn & Jewelry, Inc. v. Kayal, 923
S.W.2d 670, 672 (Tex. App.--Corpus Christi 1996, writ denied).

 Whether a trial court has subject matter jurisdiction is a question
of law which the appellate court reviews de novo. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); American Pawn &
Jewelry, 923 S.W.2d at 672. The scope of review in this interlocutory
appeal is limited to the issues presented to the trial court. See Caspary
v. Corpus Christi Downtown Management Dist., 942 S.W.2d 223, 225
(Tex. App.--Corpus Christi 1997, writ denied) (only matters presented to
the trial court will be reviewed in appeal from an order sustaining a plea
to the jurisdiction). In reviewing the grant or denial of a plea to the
jurisdiction, we are precluded from considering the merits of the case. 
Texas Dept. of Transp. v. City of Sunset Valley, 8 S.W.3d 727, 730 (Tex.
App.--Austin 1999, no pet.).

Discussion

 We begin our review by examining the pleadings. Neece alleges
in his petition that he was first appointed municipal court judge by the
city manager of Brownsville in 1984 and was re-appointed for eight
consecutive two-year terms by the city manager with no complaint or
criticism of his work product, productivity, or efficiency. The city
manager re-appointed Neece for a two-year term again on August 20,
1998, and on or about February 1, 1999, he was appointed judge of the
Southmost branch of the City's municipal court. In a September 21,
1999 public meeting, the city commissioners confronted Neece,
indicating their dissatisfaction with his performance. After the
confrontation, the city commissioners took action concerning Neece by
adopting a city budget which eliminated his associate judge position. 

 In the petition, Neece seeks injunctive relief and damages. The
crux of Neece's complaint is that the city commission did not have the
authority to terminate him. Neece alleges the City's actions violated the
separation of powers clause of the Texas Constitution. See Tex. Const.
art. 2, § 1; see also Tex. Const. art. 5, § 1. Neece also alleges in his
petition that the City's actions violated the city charter and a city
ordinance, section 29.005 of the government code,(1) and the notice
provisions of the Texas Open Meetings Act (section 551.041 of the
government code).(2) Neece contends the City prevented him from
exercising his duties of impartiality and fairness in violation of articles
43.04, 45.50, and 45.521 of the code of criminal procedure.(3) Finally,
Neece alleges causes of action for intentional infliction of emotional
distress, "tortious interference with Judge Neece's appointive relation"
with the City through its city manager, and damage to Neece's
reputation. 

 The basis of the City's plea to the jurisdiction is that the trial court
lacked subject matter jurisdiction because Neece failed to plead a
cognizable cause of action against the City. Specifically, the City argues
in its unverified plea that the notice requirements of the Texas Open
Meetings Act were satisfied; that Neece was an at-will employee of the
City; that the city charter provides that the city manager may remove the
appointed official at any time; that the City's personnel policy provides
that its employees have no contract of employment or right to a stated
term of office or position; that the City personnel policy makes it clear
that an employee may be laid off; that the city code provides the city
commission may deem it unnecessary to fill the office in question; that
section 29.005 of the government code provides there is no private
cause of action for an officeholder; that the elimination of the position
because it was an unnecessary one is a core function of the city
commissioners acting in the exercise of their discretion; and that there
is no private right of action under the Texas Constitution, statute, city
charter, or city ordinance. 

 We conclude Neece has met his burden of pleading facts showing
the trial court has subject matter jurisdiction over the pending
controversy. First, Neece's petition sets forth facts alleging the City's
actions violated the separation of powers provisions of the Texas
Constitution, see Tex. Const. art. 2, § 1, and seeks an equitable remedy. 
Without addressing the merits of the injunctive relief granted by the trial
court, we note that generally suits for equitable remedies for violations
of constitutional rights are not prohibited. See Bouillion, 896 S.W.2d at
149.

 Second, Neece's pleadings allege the City violated the Texas Open
Meetings Act by failing to post the proper notice prior to taking action.
The City's plea merely addresses the merits of Neece's Texas Open
Meetings Act claim(4) without showing that the trial court lacked
jurisdiction to entertain such a claim. 

 Finally, the scope of this interlocutory appeal is limited to issues
actually presented to the trial court in the City's plea to the jurisdiction. 
See Caspary, 942 S.W.2d at 225. The City never directly attacked the
trial court's subject matter jurisdiction based on governmental immunity
in its plea to the jurisdiction.(5)
 See Texas Dept. of Trans. v. Jones, 8
S.W.3d 636, 638-39 (Tex. 1999) (immunity may be properly raised in a
plea to jurisdiction). Thus, the factual allegations supporting Neece's
claims for damage to his reputation and intentional infliction of
emotional distress demonstrate the trial court's subject matter
jurisdiction. 

 We hold the facts in Neece's pleadings, if taken as true, are
sufficient to invoke the trial court's subject matter jurisdiction over the
controversy. The trial court did not err in denying the City's plea to the
jurisdiction. The judgment of the trial court is affirmed.


 

 _______________________

 LINDA REYNA YAÑEZ 

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 4th day of May, 2000.

1. This statute provides:


The judge of a municipal court serves for a term of office of two
years unless the municipality provides for a longer term
pursuant to Article XI, Section 11, of the Texas Constitution. A
municipal court judge who is not reappointed by the 91st day
following the expiration of a term of office shall, absent action by
the appointing authority, continue to serve for another term of
office beginning on the date the previous term of office expires.


See Tex. Gov't Code Ann. § 29.005 (Vernon Supp. 2000).
2. This statute provides:


A governmental body shall give written notice of the date, hour,
place, and subject of each meeting held by the governmental
body. 


See Tex. Gov't Code Ann. § 551.041 (Vernon 1994).
3. These provisions pertain generally to a judge's discretion in issuing a capias
for an absent defendant, ordering the payment of fines, and ordering community
supervision in lieu of fines or costs. Neece alleges the City pressured him to collect
fines immediately from defendants rather than allowing them additional time to pay
fines.
4. Even at oral argument, the City's position was that the Texas Open Meetings
Act violations have been cured, not that the claims were jurisdictionally-barred.
5. The term "immunity" does not appear in the City's plea to the jurisdiction. 
The plea merely states:


Because the actions complained [of] occurred in the context of
governmental budget session, Plaintiff's claim for damage to
reputation, infliction of emotional distress, tortious interference,
damages to Plaintiff, and exemplary damages, are also not
claims or causes of action cognizable under Texas law against
a government entity and it[s] officials acting within the scope of
their office.