Reversed and Remanded and Opinion filed February 27, 2007








Reversed
and Remanded and Opinion filed February 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01197-CV

_______________

 

THE CITY OF MONT BELVIEU, Appellant

 

V.

 

ENTERPRISE PRODUCTS OPERATING, LP, Appellee

                                                                                                                                               


On Appeal from the 281st District Court

Harris County, Texas

Trial Court Cause No. 05-64578

                                                                                                                                                

 

O P I N I O N








In this
land use dispute, the City of Mont Belvieu (the ACity@) appeals from an order granting a
plea to the jurisdiction in favor of Enterprise Products Operating, LP (AEnterprise@).  In four issues, the City contends
the trial court erred by dismissing the City=s suit for want of jurisdiction
because (1) preemption is an affirmative defense, not a jurisdictional bar, (2)
Enterprise failed to establish that the City=s ordinances were preempted by
certain provisions of the Texas Natural Resources Code (the Acode@), (3) the code does not divest a
district court of jurisdiction to hear a municipality=s action to enjoin a public nuisance,
and (4) the code does not preempt the common law duty of landowners to keep
their premises from becoming public nuisances.  We reverse the trial court=s order granting the plea to the
jurisdiction and remand for further proceedings.

I.  Background

The
Barbers Hill salt dome, located beneath the City, contains numerous caverns created
and used by the oil and gas industry as storage reservoirs for natural gas
liquids and other hydrocarbon products.  On January 31, 2005, the Texas
Railroad Commission (ATRRC@) granted Enterprise a permit to Acreate, operate and maintain an
underground hydrocarbon storage facility@ after a lengthy process in which the
City participated.  On February 9, 2005, TRRC issued a permit authorizing
Enterprise to drill a well  to access the storage facility.[1] 
Enterprise began work prerequisite to drilling this well during August 2005. 








When the
City was informed that Enterprise was operating a drilling rig within city
limits, it notified Enterprise of its permitting requirements.  Because
Enterprise did not secure a permit, the City subsequently issued a Acease and desist@ letter to Enterprise, but Enterprise
continued to drill.[2]  The City
then filed suit against Enterprise, alleging that (1) Enterprise had violated
city ordinances relating to drilling without a permit, distance requirements,
and zoning; and (2) the drilling activity was a nuisance.  The City sought
temporary and permanent injunctions, as well as damages, interest and costs. 
In response, Enterprise filed a general denial, several affirmative defenses,
and a plea to the jurisdiction.  In its plea to the jurisdiction, Enterprise
alleged that the City was not entitled to the relief it requested because the
trial court lacked subject matter jurisdiction to grant an injunction
overturning TRRC=s decision to permit the same activities the City sought to
enjoin.  Enterprise also argued the Legislature intended that TRRC, not
municipalities, control salt dome hydrocarbon storage facilities.  After a
hearing on October 31, 2005, the trial court granted Enterprise=s plea to the jurisdiction.  This
appeal followed.

II.  Jurisdiction of the Trial Court

In four
issues, the City contends the district court erred in dismissing its suit for
lack of subject matter jurisdiction because: (1) the Apreemption@ argument asserted by Enterprise in
its plea to the jurisdiction operates as an affirmative defense rather than a
jurisdictional bar; (2) Enterprise failed to establish as a matter of law that
section 211.002(b) of the code preempts the City=s ordinances; (3) Chapter 211 of the
code does not divest the district court of jurisdiction to entertain a
municipality=s action to enjoin a public nuisance; and (4) Chapter 211 of the code
does not preempt the common law duty of landowners to keep their premises from
becoming a public nuisance.








 In a
plea to the jurisdiction, a party challenges the trial court=s authority to determine the subject
matter of the cause of action.  Mulvey v. Mobil Producing Tex. & N.M.,
147 S.W.3d 594, 600 (Tex. App.CCorpus Christi 2004, pet. denied); Tex. Parks &
Wildlife Dep=t. v. Garrett Place, Inc., 972 S.W.2d 140, 142 (Tex. App.CDallas 1998, no pet.).  Because
subject matter jurisdiction is a question of law, we review the trial court=s decision de novo.  Mulvey,
147 S.W.3d at 600.  In deciding a plea to the jurisdiction, we may not weigh
the merits of the claim, but must consider only the plaintiff=s pleadings and the evidence
pertinent to the jurisdictional inquiry.  Tex. Natural Res. Conservation
Comm=n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Bland Indep. Sch. Dist.
v. Blue, 34 S.W.3d 547, 554B55 (Tex. 2000).  When we consider a trial court=s order on a plea to the
jurisdiction, we construe the pleadings in the plaintiff=s favor and look to the pleader=s intent.  See Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
To prevail, the party asserting the plea must show that, even if all the
allegations in the plaintiff=s pleadings are taken as true, an incurable jurisdictional
defect appears on  the face of the pleadings, rendering it impossible for the
plaintiff=s petition to confer jurisdiction on the trial court. Mulvey, 147
S.W.3d at 600. 

A.        Waiver/Preservation of
Error

As a
preliminary matter, Enterprise insists that we may not review this matter
because it never asserted a preemption argument in the trial court.[3] 
Enterprise also argues that we may not reverse the trial court=s judgment because the City has
failed to challenge every jurisdictional ground asserted in Enterprise=s plea.

 A[T]he review of an order sustaining a
plea to the jurisdiction and dismissing the case is limited to the matters
actually presented to the trial court.@  Gadison v. Economy Mud Products,
Inc., 964 S.W.2d 652, 654 (Tex. App.CHouston [14th Dist.] 1997, pet.
denied).  In an appeal of a jurisdictional plea, an appellant must attack Aall independent bases or grounds that
fully support a complained-of ruling or judgment.@   Britton v. Tex. Dep=t of Criminal Justice, 95 S.W.3d 676, 681 (Tex. App.CHouston [1st Dist.] 2002, no pet.).








Enterprise=s plea to the jurisdiction set forth
two bases for a lack of subject matter jurisdiction: (1) the trial court may
not entertain a request to enjoin operations at a salt dome storage facility
that TRRC permitted; and (2) the Legislature intended that TRRC, not
municipalities, control salt dome hydrocarbon storage facilities.  In its plea
and argument before the trial court, Enterprise sought to establish that the
Legislature Alimited@ a municipality=s authority to regulate salt dome storage facilities. 
Enterprise stated in its plea, A[T]he sole issue is whether the drilling activity at issue is
properly authorized after the TRRC has granted the requested permit, or whether
the City can require its own permit with standards that flatly differ from
those that TRRC has established.@  On appeal, Enterprise contends that
an appropriate framing of the issue presented in its jurisdictional plea is: ADid the trial court err in dismissing
the City=s petition for lack of jurisdiction
when the City had participated in [TRRC] proceedings deciding these issues, and
the issues were entirely within the purview of [TRRC]?@

First,
we note that contrary to Enterprise=s contentions, the City has not
contested the validity of the TRRC permits.  Instead, in the City=s pleadings, which we must construe
in its favor, it alleges that (1) Enterprise has violated the City=s ordinances by failing to obtain the
proper City permit, and (2) Enterprise=s drilling activities are a
nuisance.  Indeed, the City states in the argument section of its brief, 

The City=s suit is plainly not a collateral attack.  The City
has no quarrel with the validity of [the TRRC] permit, and does not seek either
to overturn or contradict it.  What the City seeks to do is enforce its own
ordinances that impose additional requirements beyond the scope of
[TRRC]=s regulatory authority to ensure the safety of
Enterprise=s well. 

(citations omitted). 
Labeling the City=s lawsuit as a collateral attack on TRRC=s permitting process does not
properly construe the City=s pleadings in its favor.  Thus, the trial court erred if it
based its jurisdictional determination on the notion that the City=s lawsuit is an impermissible
collateral attack.  








Second,
admittedly, neither party used the term Apreemption@ in the trial court to describe
Enterprise=s grounds for its plea.  However, Enterprise=s contention that the Legislature
intended TRRC, and not municipalities, control salt dome hydrocarbon storage
facilities can hardly be classified as anything but a preemption issue.[4] 
Moreover, because district courts are courts of general jurisdiction and generally
have subject matter jurisdiction absent a showing to the contrary,[5]
Enterprise=s arguments necessarily rest on a determination that the Legislature=s grant of regulatory authority to
TRRC divested the court of jurisdiction to consider the City=s claims because it deprived the City
of any authority to regulate salt dome storage facilities.  Regardless of the
actual words employed, Enterprise clearly sought to establish that the City=s permitting process was subsumed or
limited byB i.e., preempted byBTRRC=s permitting process.  Accordingly,
we conclude that the City=s arguments on appeal adequately encompass the grounds for
Enterprise=s plea to the jurisdiction.  See, e.g., El Paso Natural Gas Co.
v. Minco Oil & Gas, Inc., 8 S.W.3d 309, 316 (Tex. 1999) (noting that
issues should be liberally construed to Aobtain a just, fair, and equitable
adjudication of the rights of the litigants@); Tex. Mexican Ry. Co. v. Bouchet,
963 S.W.2d 52, 54 (Tex. 1998) (AA point of error is sufficient if it directs the attention of
the appellate court to the error about which complaint is made.@) (citation omitted, internal
quotations omitted). 

B.        Preemption

In its
first issue, the City asserts that the trial court improperly conflated the
issues of subject matter jurisdiction and preemption, which are distinct
inquiries.  The City contends that, while preemption may operate as an
affirmative defense to some of its claims, it does not deprive the trial court
of jurisdiction over them.  We agree.








An
ordinance or charter provision that attempts to regulate a subject matter
preempted by state statute is unenforceable to the extent it conflicts with
that statute.  See In re Sanchez, 81 S.W.3d 794, 796 (Tex. 2002); see
also Austin Police Ass=n v. City of Austin, 71 S.W.3d 885, 888 (Tex. App.CAustin 2002, no pet.).  Simply
because the legislature has enacted a law addressing a subject matter does not
mean the legislature has completely preempted the subject matter.  City of
Houston v. Todd, 41 S.W.3d 289, 295 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  For a state statute to preempt a subject matter usually encompassed
by municipal authority, the statute must do so with unmistakable clarity.  City
of Freeport v. Vandergrifft, 26 S.W.3d 680, 681 (Tex. App.CCorpus Christi 2000, pet. denied).  

Ordinarily,
a plea to the jurisdiction is not the proper vehicle for resolving preemption
issues because preemption operates as an affirmative defense. Cf. Harrill v.
A.J.=s Wrecker Serv., Inc., 27 S.W.3d 191, 195 n.1 (Tex. App.CDallas 2000, pet. dism=d w.o.j.) (noting that a defendant=s plea to the jurisdiction based on
federal preemption did not warrant dismissal of plaintiff=s complaint, where plaintiff pleaded
sufficient facts to establish his cause of action under state transportation
code).  Nonetheless, Enterprise contends that a plea to the jurisdiction was
proper in this instance because the issue here is one of forum preemption
rather than Achoice of law@ preemption.  See Gorman v. Life Ins. Co. of N. Am.,
811 S.W.2d 542, 545B46 (Tex. 1991) (distinguishing between forum preemption,
which implicates a court=s subject matter jurisdiction, and Achoice of law@ preemption, which instead operates
as an affirmative defense and does not impact subject matter jurisdiction).  

However,
in this case, forum preemption does not apply because the Legislature has not
given TRRC exclusive authority over salt dome facilities.  Several parts of
Chapter 211 of the code signal the Legislature=s intent that the TRRC not have
exclusive jurisdiction over everything related to salt dome facilities.

First, T
RRC=s authority over salt dome storage
facilities derives from section 211.011 of the code, which provides: A[TRRC] has jurisdiction over all salt
dome storage of hazardous liquids and over salt dome storage facilities used
for the storage of hazardous liquids.@  Tex.
Nat. Res. Code Ann. ' 211.011(Vernon 2001).  Subsection 211.011 does not state
that it confers Aexclusive@ jurisdiction on TRRC; it merely gives TRRC Ajurisdiction.@ See id.[6] 









Second,
Chapter 211 of the code also contains the following provisions, which
specifically preserve a municipality=s authority even in spite of Chapter
211=s  reservation of powers to TRRC:

(a) This
chapter does not reduce, limit, or impair the authority provided by law to any
municipality, except as provided by Subsection (b) of this section.

(b) A
municipality or county may not adopt or enforce an ordinance or other
regulation that establishes safety standards or practices applicable to
hazardous liquid salt formation storage facilities that are subject to
regulation by federal or state law.

(c) ASafety standards or practices@ means any regulation of an activity or facility
covered by this chapter or that is incompatible with the safety standards or
practices enacted or adopted by federal or state government pursuant to the
Hazardous Liquid Pipeline Safety Act of 1979, as amended.

Tex.
Nat. Res. Code Ann. ' 211.002 (Vernon 2001). Under these
provisions,  the Legislature did not intend to fully preempt a municipality=s authority in this area.  But, if we
were to adopt Enterprise=s position, we would have to ignore sections 211.002 (a) and
(b) and they would serve no purpose in the chapter.

Third,
the phrase Asafety standards or practices@ has a specific meaning in Chapter
211.  That meaning does not include all actions a municipality might take
regarding a salt dome or even all matters related to safety.  Section 211.012
requires the Commission to adopt safety standards and practices for salt dome
storage of hazardous liquids via rules.  The rules are to cover specific areas
such as

$                  
installation and testing of safety
devices at the facilities;

$                  
emergency notification procedures;

$                  
fire prevention and response
procedures;

$                  
safety training for
employees/workers on the operation of the facility; and

$                  
other requirements regarding safe
construction, operation and maintenance of facilities.








Tex.
Nat. Res. Code Ann. ' 211.012(Vernon 2001).  Thus, Asafety standards and practices@ is limited to these specifically
listed areas.[7] See id.

Accordingly,
this case does not present an issue of forum preemption, but instead a question
of choice of law preemption, which does not operate as a jurisdictional bar to
the City=s claims.  The trial court therefore
has jurisdiction to determine whether, and to what extent, the ordinances at
issue are preempted by the Legislature=s grant of regulatory authority to
TRRC, and thus whether the City is entitled to the relief it sought.

III.  Conclusion

Because
the trial court erred by disposing of the City=s claims in a plea to the
jurisdiction, we sustain the City=s first issue.  We will not consider
the City=s remaining issues because they
relate to a preemption argument not properly resolved in such a plea.  Further,
we discern no other incurable jurisdictional defects apparent from the face of
the City=s pleadings.  Accordingly, we reverse
the trial court=s order granting the plea to the jurisdiction and remand this
case for proceedings consistent with this opinion.

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment rendered and Opinion filed February 27, 2007.

Panel consists of Justices Fowler, Frost and Seymore.









[1]  Nothing in our record indicates whether the City was
aware of or participated in the permitting process for this particular well.





[2]  According to the City=s original petition, Enterprise initially declined to secure a permit
before drilling, but subsequently submitted an application.  However, at that
time, Enterprise had failed to secure any waivers to reduce the drilling
limitation set-offs required by the City=s
ordinances.  Thus, the City had not granted the permit, but was still
processing Enterprise=s application, when it issued its Acease and desist@ 
letter.





[3]  Enterprise contends that it is not similarly limited
to matters raised in the court below, citing Lucey v. Southeast Tex.
Emergency Physicians Assoc., 802 S.W.2d 300, 304 (Tex. App.CEl Paso 1990, writ denied).  However, Lucey is
easily distinguishable because it addressed an appellee=s right to bring new matters on appeal in a case after
a judgment non obstante veredicto, a situation in which an appellee is
permitted by the rules of civil procedure to bring forward cross-points in
support of the judgment.  Id.  





[4]  Enterprise employed the following statement as a
subheading in the argument section of its plea: AThe Legislature intended that the TRRC, not municipalities, control
salt dome hydrocarbon storage facilities.@





[5]  See Tex.
Const. art. V, ' 8; see also In re Entergy Corp., 142
S.W.2d 316, 322 (Tex. 2004).





[6]  Cf. In re Entergy Corp., 142 S.W.3d at
322-23 (AAn agency has exclusive jurisdiction when the
Legislature has granted that agency the sole authority to make an initial
determination in a dispute.@).





[7]  See In re Entergy Corp., 142 S.W.3d at 332
(noting that an administrative agency Amay
exercise only those powers the law confers upon them in clear and express
statutory language and those reasonably necessary to fulfill a function or
perform a duty that the Legislative has expressly placed with the agency@).