**TEXAS WORKFORCE COMMISSION,**
Appellant,

v.

**Raymond GILL, on Behalf
of $2,583.45, Appellee.**

No. 13–97–752–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 29, 1998.

Brian D. MacLeod, Asst. Atty. Gen., Collection Division, Dan Morales, Atty. Gen., Jorge Vega, First Asst. Atty. Gen., Ronald Renato Del Vento, Asst. Atty. Gen., Chief, Collections Div., Austin, for Appellant.

Raymond L. Gill, San Juan, for Appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Raymond Gill, appellee, filed suit in Hidalgo County after the Texas Workforce Commission (the "Commission"),[1] appellant, levied on funds in a bank account owned by the Farmworkers Health Project (FWHP). The Commission filed a motion to transfer venue and a plea to the jurisdiction arguing that venue was proper only in Travis County. The trial court denied the Commission's plea. The Commission brings this interlocutory appeal.[2] We vacate the trial court's interlocutory order and dismiss the suit for want of jurisdiction.

### Factual Background

On February 12, 1997, the FWHP, an organization that up until July 1996 maintained a child nutrition program in San Juan, Texas, received a $2,000 deposit from the State Comptroller. According to Gill, this money was earmarked to reimburse Pedro Espinoza for audits he performed for the FWHP in 1995 and 1996.

It is undisputed that at the time of the disbursement the FWHP owed the Commission $3,685.83 for unpaid unemployment compensation assessments. On April 2, 1997, the Commission notified FWHP's financial institution that it [the Commission] intended to freeze, then levy on, FWHP's account for the owed assessments.

On April 9, 1997, Gill, as a representative of the FWHP, wrote the Commission and indicated that he thought the freeze should not apply to money owed by FWHP to AT & T and Pedro Espinoza. Gill enclosed a copy of the AT & T bill and represented that the $2,000 was meant to reimburse Espinoza. On April 17, 1997, the Commission responded to Gill's letter and informed him that it planned to levy on the frozen funds to satisfy FWHP's delinquent obligations.

After the Commission levied on the account and collected the funds, Gill filed a lawsuit in Hidalgo County labeled "An in rem civil suit in the nature of an Interpleader action under the Texas Declaratory Judgments Act." At no time, however, were any funds deposited into the registry of the court. In his petition, Gill asked the Hidalgo County court to determine and declare who should be paid out of the seized funds, and questioned the Commission's authority to seize and levy the specific money involved in order to satisfy delinquent tax obligations. He further questioned the constitutionality of the levying process and asked the court to order the Commission to repay the seized money.

The Commission then filed a Motion to Transfer Venue and a Plea to the Jurisdic-

---

**1.** Formerly the Texas Employment Commission. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 655, § 11.75, 1995 Tex. Gen. Laws 3543, 3621.

**2.** Act of April 2, 1997, 75th Leg., R.S., ch. 1296, 1997 Tex Gen. Laws 4936, 4937 (to be codified as an amendment to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014).

tion, after which Gill withdrew his motion for repayment. In its motion and plea, the Commission argued that the Travis County district courts have exclusive jurisdiction over the type of suit brought by Gill. A hearing was held, and on October 2, 1997, the trial court denied both the motion and the plea. The Commission appeals the trial court's order.

### Discussion

In a single point of error, the Commission argues that the trial court erred in denying its plea to jurisdiction because the State was sued in an improper venue. Therefore, argues the Commission, the Hidalgo County trial court did not acquire jurisdiction. For reasons other than those argued by appellant, we agree with appellant's contention that the trial court did not have jurisdiction over appellee's claim.

■ The Texas Constitution protects against the issuance of advisory opinions. Tex. Const. art. 2, § 1; *Texas Ass'n of Business v. Texas Air Control Board,* 852 S.W.2d 440, 444 (Tex.1993); *Firemen's Ins. Co. v. Burch,* 442 S.W.2d 331, 333 (Tex.1969). The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties. *Texas Ass'n of Business,* 852 S.W.2d at 444. Texas courts have no jurisdiction to render such opinions. *Id.; O'Bryant v. City of Midland,* 949 S.W.2d 406, 417 (Tex.App.—Austin 1997, n.w.h.); *Bowles v. Wade,* 913 S.W.2d 644, 652 n. 10 (Tex.App.—Dallas 1995, writ denied).

As stated above, appellee does not dispute that the FWHP owes appellant for back unemployment contributions, nor does appellee challenge the commission's authority to tax and/or levy on FWHP's account. Rather, appellee argues that his suit, labeled "an in rem civil suit in the nature of an Interpleader action under the Texas Declaratory Judgments Act," is in the nature of an interpleader action in which appellee requests the trial

court to issue a declaratory judgment as to which stakeholder has superior rights to the money at issue.

■ However, it is undisputed that the money in question is neither in appellee's possession nor in the registry of the court. Therefore, appellee's action is not qualified as an action in interpleader.[3] More importantly, by his own admissions, the purpose of appellee's suit is to obtain from the trial court "guidance [on] how to satisfy the rival claims of [the Commission] and Espinoza." Appellee specifically states that he does not ask the court to order appellant to return the money in question.

Therefore, we hold that under the facts of this case, appellee's claim seeks an advisory opinion from the trial court under the guise of a request for declaratory judgment. Appellee cannot obtain such an advisory opinion. The fact that appellee couched his claim in terms of declaratory relief does not render his claim justiciable. *See Reyna v. City of Weslaco,* 944 S.W.2d 657, 664 (Tex.App.—Corpus Christi 1997, no writ) (Seerden, C.J., dissenting) (Uniform Declaratory Judgments Act "is a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power permitting the rendition of advisory opinions.") (citing *State v. Morales,* 869 S.W.2d 941, 946 (Tex.1994)); *Texas Ass'n of Business,* 852 S.W.2d at 444.

Accordingly, we vacate the order of the trial court and dismiss the case for want of jurisdiction. Tex.R.App. P. 43.2(e).

---

3. A petitioner in interpleader must prove (1) that he is subject to, or has reasonable grounds to anticipate, rival claims to the same funds; (2) that he has not unreasonably delayed in filing the action; and (3) that he has unconditionally tendered the funds into the registry of the court. *Serna v. Webster,* 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995, no writ). Failure to meet any of these three elements will defeat a petitioner's standing as an innocent stakeholder and preclude relief at interpleader. *Savings and Profit Sharing Fund of Sears Employees v. Stubbs,* 734 S.W.2d 76, 79 (Tex.App.—Austin 1987, no writ).