

# NUMBER 13-13-00258-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**NAN CANION,**                                                                 **Appellant,**

**v.**

**ROBERTS, ROBERTS,**
**ODEFEY & WITTE,**                                                          **Appellees.**

---

### On appeal from the 24th District Court
### of Calhoun County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

This is an appeal from an interpleader action. By five issues, which we re-organize as four, appellant, Nan Canion, asserts that (1) the trial court erred by finding that she and the Calhoun County Youth Rodeo Association (CCYRA) had competing demands for money held in appellee, Roberts, Roberts, Odefey & Witte's ("the Law

Firm"), lawyer's trust account; (2) the trial court erred by admitting evidence to support the Law Firm's claim for attorney's fees; (3) the evidence was factually insufficient to support the trial court's award of attorney's fees; and (4) the trial court erred by not signing Canion's additional or amended findings of fact and conclusions of law. We affirm.

## I. BACKGROUND

The Law Firm filed a petition in interpleader naming Canion and the CCYRA as defendants in a claim related to a cashier's check delivered to the Law Firm by Canion in the amount of $5,000. The amount of the check was tied to allegations that Canion misappropriated funds from the CCYRA during her tenure as the non-profit organization's treasurer.[1]

On March 15, 2011, Canion attended a meeting at the Law Firm's office in which two former CCYRA members, Red McPherson and Richard Meyer, as well as Chris Wall, an attorney formerly employed by the Law Firm, questioned Canion about discrepancies in the CCYRA's checking account.[2] During the meeting, Canion confessed to misappropriating funds from the CCYRA's checking account and said that "she was going to make things right," and that "she had a check at the house."

On March 17, 2011, Canion tendered the $5,000 cashier's check paid to the order of the Law Firm with the intention that the funds be paid directly to the CCYRA.[3] The

---

[1] For more information about the companion criminal case, *see Canion v. State of Texas*, No. 13-13-00204-CR. Furthermore, we incorporate herein the relevant factual background from the companion criminal case herein.

[2] The Law Firm did not represent CCYRA or any of its members, including Canion, during the relevant sequence of the events in this case.

[3] Canion testified that she drafted the check in the Law Firm's name because she was not aware

2

Law Firm deposited Canion's $5,000 check into its Interest on Lawyer's Trust Account (IOLTA) "until such time as the dispute between the parties achieved resolution." In its petition, the Law Firm asserted that it "reasonably anticipate[d] rival claims to the [$5,000]" by the CCYRA and Canion, after it received written correspondence from Canion's attorneys and informal demands from the CCYRA. The Law Firm then deposited the $5,000 into the registry of the court.

During the pendency of the interpleader action, Canion filed written discovery and noticed depositions. As a result, the Law Firm sought reasonable and necessary attorney's fees related to the interpleader action. A hearing was held on this matter following Canion's criminal sentencing hearing. The trial court granted the interpleader and ordered the clerk of the court to pay $242 to the 24th Judicial District Community Supervision and Corrections Department to go toward restitution owed by Canion, and the remainder was to be paid to the Law Firm as attorney's fees. At Canion's request, the trial court filed findings of fact and conclusions of law. This appeal followed.

## II. EVIDENCE OF COMPETING DEMANDS

By her first issue, Canion asserts that the evidence "conclusively established" no competing demands had been made to the $5,000 to warrant proceeding forward with the interpleader action. By her second issue, Canion asserts that the evidence "conclusively established" no competing demands had been made for the funds tendered into the registry, and thus, it was error for the court to award attorneys' fees to the Law Firm.[4]

---

that she could have paid the CCYRA directly. Canion testified, however, that Richard Meyer and Red McPherson suggested that she make the check payable to the Law Firm rather than the CCYRA so that "it would be an anonymous donation."

    [4] Because Canion asserts that the evidence "conclusively" establishes the opposite of a vital fact

3

### A. Standard of Review

Generally, in determining whether there is no evidence of probative force to support the trial court's finding, we must view the evidence in the light most favorable to the verdict and must credit favorable evidence if reasonable fact-finders could and disregard contrary evidence unless reasonable fact-finders could not. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 770 (Tex. 2010) (citing *City of Keller v. Wilson*, 68 S.W.3d 802, 822–27 (Tex. 2005)); *see also Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

A no-evidence challenge will be sustained only if: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *City of Keller*, 168 S.W.3d at 810. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (internal citations omitted). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.*

### B. Discussion

"Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Tᴇx. R. Cɪᴠ. P. 43. Under this rule, a party is entitled to

---

relevant to the interpleader action, we construe Canion's first and second issues as legal sufficiency challenges to the issue of whether rival claims existed to make the interpleader action proper.

interpleader relief if it proves three elements: (1) that the party is subject to, or has reasonable grounds to anticipate, rival claims to the same funds; (2) that the party has not unreasonably delayed in filing the action; and (3) that the party has unconditionally tendered the funds into the registry of the court. *Tex. Workforce Comm'n v. Gill on Behalf of $2,583.45*, 964 S.W.2d 308, 309 n.3 (Tex. App.—Corpus Christi 1998, no pet.) (citing *Sav. & Profit Sharing Fund of Sears Employees v. Stubbs*, 734 S.W.2d 76, 79 (Tex. App.—Austin 1987, no writ)). By her first two issues, Canion only challenges whether the Law Firm met the first element.

The trial court found that Canion and the CCYRA had rival claims to the $5,000, and the record supports this finding. Canion tendered the $5,000 check to the Law Firm, after admitting to misappropriating money from the CCYRA checking account. Canion admitted in her testimony during the criminal case that the $5,000 was intended as a form of restitution to the CCYRA. Furthermore, CCYRA member Meyer testified that he made an "informal demand" to the Law Firm to receive the $5,000. Specifically, Meyer testified to as follows:

> All I did was inquire [to the Law Firm] if [the $5,000] was still there and whether it was going to go to the Rodeo Association or what the money was going for.

The record also shows that Canion made a demand to the Law Firm to return her the $5,000. The Law Firm attached an October 28, 2011 letter sent by one of Canion's attorneys to attorney Wall, demanding that the Law Firm "immediately turnover the $5,000" to Canion's other attorney by October 31, 2011.

After viewing this evidence in the light most favorable to the trial court's ruling and crediting favorable evidence if reasonable fact-finders could and disregarding contrary

5

evidence unless reasonable fact-finders could not, we conclude that the evidence is legally sufficient to show that the Law Firm was subject to, or had reasonable grounds to anticipate, rival claims to the same funds.   *See Tex. Workforce Comm'n*, 964 S.W.2d at 309 n.3.   Accordingly, we overrule Canion's first and second issues.

### III.   ADMISSIBILITY OF EVIDENCE

By her third issue, Canion asserts that the trial court erred by admitting testimonial and documentary evidence to support the Law Firm's claim for attorney's fees.

### A.  Standard of Review

Evidentiary rulings are committed to the trial court's sound discretion.   *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995).   The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles.   *E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

### B.  Discussion

Canion argues that the trial court abused its discretion in admitting Anne Marie Odefey's billing records for the Law Firm because they were not timely disclosed during discovery prior to the interpleader hearing, as well as by allowing Odefey to testify with respect to attorney's fees.

Due to a scheduling conflict, Odefey testified in narrative form to her attorney's fees prior to Canion's criminal proceeding.[5]   Canion's trial counsel objected to the admission of Odefey's billing invoice on the ground that it "was never provided in

---

[5] Canion's sentencing hearing took place prior to the hearing on the interpleader.

discovery." Canion's trial counsel then asked the trial court to "provisionally" admit the billing invoice until it ruled on its admissibility following the criminal proceeding. The trial court agreed and provisionally admitted the invoice.

During the interpleader hearing, Canion's counsel "reurge[d]" his objection prior to passing Odefey as a witness. The trial court, however, did not rule on the objection. Accordingly, we hold that Canion's argument is not preserved for our review. *See* TEX. APP. P. 33.1(a). Canion's third issue is overruled.

## IV. ATTORNEY'S FEES

By her fourth issue, Canion asserts that the evidence is factually insufficient to support the trial court's award of attorney's fees.

### A. Standard of Review

Under the common law, a stakeholder is entitled to recover its attorney's fees from the deposited funds unless there were no rival claimants or the interpleader was unreasonably delayed. *State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 803 (Tex. 2007); *see Clayton v. Mony Life Ins. Co. of Am.*, 284 S.W.3d 398, 405 (Tex. App.—Beaumont 2009, no pet.). An award of attorney's fees to a stakeholder from the interpleaded fund is within the trial court's sound discretion. *Id.* at 406 (internal citation omitted).

In reviewing a factual-sufficiency challenge to a finding on an issue on which the appellant did not have the burden of proof, we consider and weigh all of the evidence and set aside the verdict only if the evidence that supports the jury finding is so weak as to make the verdict clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We must examine both the evidence supporting and contrary to the

judgment. *Editorial Caballero, S.A. de C.V. v. Playboy Enters., Inc.,* 359 S.W.3d 318, 329 (Tex. App.—Corpus Christi 2012, pet. denied). Additionally, the factfinder is the sole judge of the witnesses' credibility, and it may choose to believe one witness over another, and we may not impose our own opinion to the contrary. *Id.* (citing *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003)).

## B. Discussion

The trial court made the following finding of fact with regard to the Law Firm's attorney's fees:

> [The Law Firm's] attorney[']s fees were reasonable under the circumstances of this case and even though they were not necessary, they were made necessary by actions of . . . Canion's attorneys. Unfortunately for Ms. Canion, only $242.00 was left to go toward restitution in her criminal case.

When a factfinder determines the reasonableness of a fee, it should consider the following factors: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

8

Odefey was a designated expert in this case and testified about her fees. Odefey testified that the Law Firm expended funds of $4,758.00, including the cost of filing the petition in interpleader, the issuance of a citation, the service of process, and a copy of CCYRA member Meyers's deposition. Odefey further testified that she expended 14.72 billable hours on this case at a rate of $275.00 per hour; her associate Wall expended 7.5 hours at a rate of $175.00 per hour; and her legal assistant expended 0.5 hours at a rate of $85.00 per hour. On cross-examination, Odefey admitted that she compiled her billing data based upon the information she reviewed in her file that was related to this case. Odefey also stated that she believed that her claim for attorney's fees was "extremely reasonable."

After weighing Odefey's testimony, we conclude that the evidence is not so weak as to make the trial court's discretionary award of attorney's fees in this case in the amount of $4,758.00 clearly wrong or manifestly unjust. Canion's fourth issue is overruled.

## V. AMENDED FINDINGS OF FACTS AND CONCLUSION OF LAW REQUEST

By her final issue, Canion asserts that the trial court erred by failing to sign her amended findings of fact and conclusions of law.

### A. Applicable Law and Standard of Review

Upon a party's timely request for specified additional or amended findings or conclusions, "the trial court shall file any additional or amended findings and conclusions that are appropriate." TEX. R. CIV. P. 298. Additional findings are not required if the original findings and conclusions properly and succinctly relate the ultimate findings of fact and law necessary to apprise [the party] of adequate information for the preparation

9

of [the party's] appeal. *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 612 (Tex. App.—Fort Worth 2006, pet. denied) (internal citations omitted). An ultimate fact is one that would have a direct effect on the judgment. *Id.*

If the refusal to file additional findings does not prevent a party from adequately presenting an argument on appeal, there is no reversible error. *Id.* at 612–13. Likewise, if the requested findings will not result in a different judgment, the findings need not be made. *Id.* at 613.

## B. Discussion

The trial court made the following original findings of fact and conclusions of law:

On March 8, 2013 the court heard the trial on the merits of the above-captioned interpleader action. Prior to the hearing the court also hearing the sentencing phase against the defendant, Nan Canion, wherein she plead guilty to embezzling funds from defendant, Calhoun County Youth Rodeo Association, Inc. (CCYRA).

This interpleader action arises out of a meeting between the defendants wherin Ms. Canion agreed to pay CCYRA $5,000.00 toward what she owed to the association as a result of her theft while acting as the treasurer. The funds were deposited in the plaintiffs' [sic] IOLTA account. When a dispute arose among defendants as to the actual amount owed, Plaintiff filed this suit.

The court finds that Plaintiff was a disinterested party; that Plaintiff did not represent either of the parties; and that the funds deposited with Plaintiff were subject to rival claims by Defendants. Specifically, at the time this action was filed, Ms. Canion was under indictment and the $5,000.00 was requested to be returned by her attorneys. See State Farm Life Ins. V. Martinez, 216 S.W.3d 799, at 807 (Tex. 2007).

For some reason (which is still unclear to this court) the attorneys for Defendant Canion did not agree that Plaintiff be immediately discharged. In fact, Plaintiff was required to participate in discovery, including requests for disclosure and depositions. An interpleader stakeholder is entitled to recover attorney fees from the tendered funds unless there were no rival claims or there was unreasonable delay in the filing of the action, U.S. v. Ray Thomas Gravel Co., 380 S.W.2d 576, at 580 (Tex. 1964).

10

Plaintiff's attorneys fees were reasonable under the circumstances of this case and even though they were not necessary, they were made necessary by actions of Defendant Canion's attorneys. Unfortunately for Ms. Canion, only $242.00 ws left to go toward restitution in her criminal case.

"Excuse me, our time presses. Do I understand that the whole estate is found to have been absorbed in costs?." "Hem! I believe so…And thus the suit lapses and melts away." Dickens, <u>Bleak House</u>.

Canion sought the following amended and additional findings from the trial court:

<u>Amended</u>

1. This interpleader action arises out of a meeting between representatives of Defendant Calhoun County Youth Rodeo Association, Inc. ("CCYRA"), Defendant Nan Canion and Christopher Wall.

2. After the meeting, Nan Canion delivered a check to Plaintiff Roberts, Roberts, Odefey & Witte in the sum of $5000 and which was made payable to Roberts, Roberts, Odefey & Witte.

3. Plaintiff deposited the check into its IOLTA trust account.

4. Plaintiff filed this interpleader action on October 28, 2011.

5. At the time Plaintiff filed its interpleader action, Defendant Canion was under indictment for theft.

6. Plaintiff is a disinterested party.

7. Defendant Canion noticed and took the depositions of Christopher Wall and Richard Meyer.

<u>Additional</u>

1. At the time of the meeting referenced in Amended Finding No. 1, Christopher Wall was an attorney employed by Plaintiff, Roberts, Roberts, Odefey & Witte.

2. Said meeting was arranged by Richard Meyers, President of CCYRA and Christopher Wall.

3. Whether Plaintiff represented CCYRA at the meeting was contested at trial.

11

4. At the time of the final hearing, Christopher Wall was no longer employed by Roberts, Roberts, Odefey & Witte.

5. Prior to the funds being interpled into the Court, Defendant Canion made a demand upon Plaintiff for the funds.

6. Prior to the funds being interpled into the Court, Defendant CCYRA never made a demand upon Plaintiff for the funds.

7. Defendant Canion filed a proper Request for Disclosures directed to Plaintiff in which she asked for expert witness designations and material to be used by the expert.

8. Prior to trial, Plaintiff did not disclose to Defendant Canion the amount of attorney's fees it was seeking.

9. Defendant Canion served upon Plaintiff requests for production of documents that asked, *inter alia*, for Plaintiff to produce copies of documents that may be used at time of trial or that Plaintiff may use as demonstrative evidence at trial.

10. Plaintiff did not produce, prior to trial, its billing record for this matter.

Canion also sought the following amended and additional conclusions of law:

Amended

1. A disinterested stakeholder who has reasonable doubts as to the party entitled to the funds or property in his possession, and who in good faith interpleads the claimants, is entitled to an allowance for attorney's fees.

2. Plaintiff's attorney's fees were reasonable.

3. Plaintiff's attorney's fees were not necessary.

4. Plaintiff's attorney's fees were caused by the actions of Defendant Canion's attorneys.

Additional

1. By requesting and filing the amended and additional findings of fact and conclusions of law, Defendant Canion is not conceding or waiving her right to contest the findings and conclusions on appeal.

2. There were no competing demands made for the return of the funds held by Plaintiff in its trust account.

A review of Canion's proposed amended and additional findings and conclusions appear to directly contradict or simply elaborate on the trial court's original findings and conclusions. *See id.* at 612. Furthermore, we do not agree with Canion that the trial court's original findings and conclusions prevented Canion from presenting her arguments on appeal. *See id.* at 612–13. Canion argues that the trial court's finding on the necessity of the Law Firm's attorney's fees was unclear from the trial court's original findings. The original findings are clear, however, that the Law Firm's attorney's fees were necessary as a result of the actions of Canion's attorneys. In sum, we hold that the trial court's original findings and conclusions properly and succinctly related the ultimate findings of fact and conclusions of law necessary to apprise Canion of adequate information for the preparation of her appeal. *See id.* at 612. Accordingly, we find no reversible error. Canion's final issue is overruled.

## VI. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
3rd day of July, 2014.

13